Merrimack
No. 87-423

THE STATE OF NEW HAMPSHIRE

v.

THOMAS LANDRY

October 31, 1988

*Stephen E. Merrill*, attorney general (*Tina Schneider*, assistant attorney general, on the brief and orally), for the State.

*Hampe & McNicholas*, of Concord (*Richard A. Hampe* on the brief and orally), for the defendant.

BROCK, C.J.   The defendant appeals his sentence, imposed by the Superior Court (*DiClerico*, J.) after a trial *de novo* for driving while under the influence, second offense, which was substantially more severe than the sentence imposed in the district court. Because we conclude that sentencing is a matter for the exercise of sound discretion by trial judges, we abandon the rule announced in *State v. Wheeler*, 120 N.H. 496, 416 A.2d 1384 (1980) and now hold that trial judges need not explain a sentence increase after a trial *de novo*. We therefore affirm.

The defendant was tried and found guilty of DWI, second offense, under RSA 265:82 (Supp. 1987) in Concord District Court. He was sentenced to ninety days in the Merrimack County House of Correction, with sixty days suspended, one year's probation, a $500 fine plus a penalty assessment, a three-year license revocation, and mandatory alcohol counseling. The defendant appealed under RSA 599:1 and was tried by a jury in the superior court. It is agreed that the same evidence was presented at both trials. The jury found the defendant guilty, and the State recommended reimposition of the original sentence. The trial judge reinstated most elements of the sentence, but increased the period of incarceration to twelve months, with six months suspended during good behavior.

The court justified the six-fold increase in the unsuspended incarceration period because "in the opinion of the Court this offense occurring within two years and approximately four months of the prior offense indicates that Mr. Landry doesn't take the DWI laws of this state very seriously, and it's about time that he started taking them seriously before you injure yourself or some other innocent person on the highway."

The defendant appeals, contending that the court failed to satisfy the requirements of *Wheeler*. He insists that the court substantially increased his sentence after the trial *de novo* and

failed to adequately justify the increase. In accepting this appeal, we directed the parties to address the vitality of *Wheeler*, and the State urges us to discard the rule. While it is arguable that the trial judge gave sufficient reasons to satisfy the *Wheeler* requirement, we elect to reconsider the practical effectiveness of the rule. In concluding, as we do, that the *Wheeler* rule should be abandoned, we renew our caution that trial judges are prohibited from adopting sentencing policies that automatically enhance the sentences of all defendants who are convicted after trials *de novo*. *See State v. Goding*, 128 N.H. 267, 271, 513 A.2d 325, 328 (1986).

■■ This court has long held that sentencing within the statutory limits is within the sound discretion of the trial court. *State v. Little*, 123 N.H. 433, 436, 462 A.2d 117, 119 (1983); *Wheeler*, 120 N.H. at 499, 416 A.2d at 1386. This discretion, however, is not unlimited. *State v. Wentworth*, 118 N.H. 832, 843, 395 A.2d 858, 865 (1978). In a trial *de novo* upon appeal by the defendant from a sentence in the district court, due process forbids prosecutorial or judicial vindictiveness against the defendant for taking the appeal. *State v. Thaxton*, 122 N.H. 1148, 1151, 455 A.2d 1016, 1017–18 (1982); *cf. State v. Beaupre*, 121 N.H. 1013, 1015, 437 A.2d 301, 302 (1981); *cf. State v. Koski*, 120 N.H. 112, 116, 411 A.2d 1122, 1125 (1980). Due process is only offended when there is a "realistic likelihood" that an increased punishment is the result of "vindictiveness." *Blackledge v. Perry*, 417 U.S. 21, 27 (1974). Quite apart from the vindictiveness of *Blackledge*, in the case of appeal for trial *de novo*, the provision for *de novo* trial itself guarantees freedom from automatic sentence enhancement upon reconviction.

■ To ease our watch for fairness in *de novo* sentencing, exercising our supervisory powers, we directed in *Wheeler* that: "whenever the superior court, after a trial de novo, *substantially* increases a sentence imposed by the lower court, the record must reflect the reasons for the change." *Wheeler*, 120 N.H. at 499, 416 A.2d at 1386. In practice, however, compliance with *Wheeler* requires giving only perfunctory or conclusory reasons that are not particularly helpful in aiding this court in determining sentence fairness. While we do not lightly overrule prior opinions, *Corso v. Merrill*, 119 N.H. 647, 658, 406 A.2d 300, 307 (1979), an unnecessary burden on trial judges impedes the ends of justice. We now hold that, because *Wheeler* has not aided us in our pursuit of fairness in sentencing, courts will not be required to justify increased sentences, and we will determine on appeal whether the

defendant has met his burden of showing that the increase results from prosecutorial or judicial misconduct or vindictiveness.

In a trial *de novo*, therefore, trial judges may impose increased sentences so long as the increase is not a penalty for pursuing the appeal. *See State v. Goding*, 128 N.H. at 271, 513 A.2d at 328. There is no more reason for this court to believe that an increased sentence is a penalty for seeking a superior court trial than to believe that the district court sentence was too lenient. *Colten v. Kentucky*, 407 U.S. 104, 117 (1972); *see Goding*, 128 N.H. at 271, 513 A.2d at 329.

In the case at bar, the defendant has failed to meet his burden. The superior court judge, in his discretion, imposed a harsher sentence than did the district court judge. Just as defendants might receive more lenient sentences upon retrial, they also risk stricter ones. As the defendant has pointed to no indicia of vindictiveness, the superior court sentence was within the court's sound discretion.

*Affirmed.*

All concurred.