Belknap
No. 94-190

THE STATE OF NEW HAMPSHIRE

v.

RICHARD STEED

August 17, 1995

*Jeffrey R. Howard*, attorney general (*Sharon J. Fray-Witzer*, attorney, on the brief and orally), for the State.

*John F. Lake*, of Barnstead, by brief and orally, for the defendant.

JOHNSON, J. A Superior Court (*O'Neil*, J.) jury convicted the defendant, Richard Steed, of criminal trespass for violating a domestic violence restraining order. *See* RSA 173-B:8, I(a) (1994) (amended 1994); RSA 635:2 (1986). Steed appeals, arguing that the superior court erred in: (1) admitting evidence that he possessed a gun seventeen hours after the offense charged; (2) admitting the victim's *ex parte* domestic violence petition, through which she had

sought to restrain the defendant; (3) excluding a new version of a form for domestic violence restraining orders; (4) denying his motion for a new trial based on newly discovered evidence; and (5) denying his motion for reconsideration of his sentence. We affirm.

The superior court trial was a *de novo* appeal from Steed's conviction in the district court of criminal trespass for violating the restraining order. *See* RSA 599:1 (Supp. 1994). In the superior court, the victim testified as follows. She and Steed were involved in a romantic relationship and lived together for over a year. The victim ended the relationship in May 1993 and moved into a house she had just purchased. Soon afterwards, Steed began harassing her and her friends and family with telephone calls. Steed repeatedly asked the victim if he could see her and threatened her when she refused. The victim testified that she was afraid of Steed because he had a drinking problem and a gun. She recounted an incident when she believed he was threatening her with the gun.

On June 10, 1993, the victim obtained a domestic violence restraining order forbidding Steed from entering her residence. A police officer served Steed with the order the same day. In the early hours of June 15, the victim twice heard Steed's car, with its distinctive muffler, in her driveway, but she did not see his car. Then, between 5:00 and 5:30 a.m., the victim observed Steed pull his car into her driveway, walk to the garage attached to her house, return to his car, and drive away. She called the police and gave a statement to Officer Charles Hillsgrove that evening.

After obtaining a warrant for Steed's arrest, Hillsgrove drove to the victim's home. The time was approximately 10:30 p.m., still on June 15, 1993. Steed was at the victim's home, parked in front of the house. He drove away as Hillsgrove approached, and Hillsgrove followed him, blue lights flashing. When Steed came to a stop, Hillsgrove saw him hide something under his front seat. After arresting him, Hillsgrove asked Steed if he had any weapons in the car. Steed replied that he did not, but a search shortly thereafter revealed a loaded revolver. Steed had a permit to carry the gun.

Hillsgrove testified that Steed confessed he had been in the victim's driveway that morning. Steed, on the other hand, admitted at trial to being near the victim's property but denied entering her driveway. He also testified that he thought the restraining order simply prohibited him from entering the victim's house, and his lawyer argued to the jury that he did not knowingly violate the order. The jury returned a verdict of guilty.

Approximately one month later, Steed filed a motion for a new trial on the basis of newly discovered evidence. The evidence

consisted of a videotaped recording of conversations between Steed and Hillsgrove on June 15, 1993, after Steed's arrest. Steed argued that Hillsgrove's recorded statements contradicted the officer's assertion at trial that Steed had confessed to being on the victim's property. At the hearing on the motion, Steed's counsel admitted to possessing the videotape prior to trial but stated that he did not review it "in detail" until afterwards. The superior court denied the motion.

The superior court sentenced Steed to twelve months in the house of correction and two years of probation. Noting that the district court had not sentenced him to any period of incarceration, Steed filed a motion for reconsideration. The superior court denied this motion, and Steed appealed.

Steed first contests the admission of evidence that he had a gun in his car at the time of his arrest. He contends that this evidence was irrelevant and "only served to inflame or confuse the jury." Steed does not argue that the admission of this evidence violated New Hampshire Rule of Evidence 404(b). We therefore address this issue under our traditional tests of relevancy and prejudice, cf. *State v. Allen*, 128 N.H. 390, 398, 514 A.2d 1263, 1268-69 (1986); *see also* N.H. R. Ev. 401, 403, and express no opinion whether our recent decisions in *State v. Bassett*, 139 N.H. 493, 659 A.2d 891 (1995), and *State v. McGlew*, 139 N.H. 505, 658 A.2d 1191 (1995), would compel a different analysis or result.

■ "Evidentiary rulings are within the sound discretion of the trial court," *Clipper Affiliates v. Checovich*, 138 N.H. 271, 275, 638 A.2d 791, 794 (1994), and "[t]he defendant has the burden to demonstrate that the trial court's discretionary ruling is clearly untenable or unreasonable to the prejudice of his case," *State v. Bouchard*, 138 N.H. 581, 583, 643 A.2d 963, 965 (1994). We hold that Steed has failed to meet this burden.

■ To establish Steed's guilt, the State had to prove that he knew he was not licensed or privileged to enter the victim's driveway. RSA 635:2, I; *State v. Wentworth*, 118 N.H. 832, 839, 395 A.2d 858, 863 (1978). At trial, Steed denied that he knowingly violated the restraining order. Officer Hillsgrove's testimony regarding the gun tended to counter this assertion. As recounted above, Steed immediately drove away from the victim's house when Hillsgrove appeared in his police cruiser. When stopped, Steed apparently hid his permitted gun under the front seat of his car. Then, when Hillsgrove arrested him for criminal trespass, Steed lied about the gun, denying its presence. The jury could have reasonably concluded that Steed's behavior manifested an effort to

flee and avoid suspicion, hallmarks of a defendant's consciousness of guilt. *See State v. Philbrook*, 138 N.H. 601, 603, 644 A.2d 66, 67 (1994) (effort to flee); *State v. Thorp*, 86 N.H. 501, 506-07, 171 A. 633, 638 (1934) (effort to avoid suspicion). The evidence was therefore relevant to the issue of intent. *See* N.H. R. Ev. 401.

■ Steed does not explain how this evidence might have "inflame[d] or confuse[d]" the jury. Although the evidence likely prejudiced Steed, its probative value was not "substantially outweighed by the danger of unfair prejudice . . . [or] confusion of the issues." N.H. R. Ev. 403. Intent was a hotly contested issue at trial. The superior court would therefore have been justified in assigning the evidence a high probative value. Moreover, neither the prosecutor nor the court used this evidence to invite any improper inferences about Steed's character or disposition. In closing argument, for example, the prosecutor made no mention of Steed's earlier, threatening use of the gun against the victim. Instead, she focused on Steed's evasive behavior at the time of his arrest to impugn his credibility and thereby discredit his claim that he did not act knowingly. We hold that Steed has failed to prove that the superior court's discretionary ruling was clearly untenable or unreasonable to the prejudice of his case. *See Bouchard*, 138 N.H. at 583, 643 A.2d at 965.

Steed next alleges error in the superior court's admission of the victim's petition for the restraining order. We need not decide whether the court erred because this evidence was merely cumulative and therefore harmless. *See State v. Lemieux*, 136 N.H. 329, 331, 615 A.2d 635, 636 (1992). The victim had already testified concerning the circumstances of the restraining order and her reasons for fearing Steed. Steed does not contest the admissibility of this testimony on appeal and did not object at trial.

Steed next contests the trial court's exclusion of a new court form for domestic violence restraining orders. Like the form actually used in this case, the new form lists several items that a court may check off and make part of the order. One of the items restrains the defendant from entering the plaintiff's "premises." The form used in this case uses the term "residence" instead of "premises."

Steed sought admission of the new form to support his defense that he did not knowingly violate the restraining order actually served on him. Steed denied entering the victim's driveway but argued alternatively that, even if he did enter the driveway, he did not believe he was violating the order by doing so. Steed's counsel pointed out in closing argument that the victim's petition for the restraining order used the word "premises," whereas the order says

"residence." The trial court instructed the jury to find Steed not guilty if it found that "the reasonable and prudent person would construe the word residence to be limited to the building [wherein the victim resided]." Steed does not argue on appeal that, as a matter of law, a driveway is not part of a person's "residence."

We find no error in the trial court's decision to exclude the new form from the jury's consideration. Steed was charged with violating a restraining order prohibiting him from entering the victim's "residence." Steed does not allege that he knew of the form change and therefore the new form's reference to "premises" could not have played a role in the formation of his intent. The trial court properly excluded this irrelevant evidence. We do not address Steed's claim that the superior court violated his right to produce all favorable proofs, *see* N.H. CONST. pt. I, art. 15, because he did not raise it below. *See State v. Giordano*, 138 N.H. 90, 93, 635 A.2d 482, 483 (1993).

■■ Steed next argues that the trial court erred in denying his motion for a new trial based on newly discovered evidence, a videotaped recording of conversations between himself and Officer Hillsgrove. To obtain a new trial on this ground, Steed bore the burden of proving:

> (1) that [he] was not at fault for not discovering the evidence at the former trial; (2) that the evidence is admissible, material to the merits, and not cumulative; and (3) that [the evidence is] of such a character that a different result will probably be reached upon another trial.

*State v. Abbott*, 127 N.H. 444, 450, 503 A.2d 791, 795 (1985) (citations and quotations omitted). "The granting or denial of a new trial, after notice and an opportunity to be heard, is in the discretion of the [trial] court . . . ." *State v. Cote*, 129 N.H. 358, 370, 530 A.2d 775, 781 (1987) (quotation omitted).

Steed fails the first prong of this test. As discussed above, his attorney possessed and viewed the videotape at issue before trial. Steed contends that he should not be deemed at fault for failing to discover the significance of this evidence prior to trial. We do not accept his argument. The videotape was made within one or two hours after Steed's arrest. The conversations recorded were between Steed and the police officer who had just arrested him. This same officer later testified that Steed had confessed to being in the victim's driveway. We do not agree that Steed should be held blameless for failing to "critically review[]" such a recording prior to trial. *See id.* at 370-71, 530 A.2d at 782. We hold that the superior

court did not abuse its discretion in denying Steed's motion for a new trial.

Steed's final claim of error is the trial court's denial of his motion for reconsideration of sentence. He argues that the superior court's sentence of twelve months in the house of correction, the maximum possible, *see* RSA 651:2, II(c) (Supp. 1994), was motivated by hostility and vindictiveness against him. Moreover, because the district court had not imposed any incarceration, he maintains that the superior court's increased sentence required justification, and that such justification is lacking.

Although Steed invokes general due process protections, he did not mention the State Constitution at trial and failed to specifically invoke any provision of the State Constitution in his brief. Accordingly, no issue under the State Constitution is properly before us. *State v. Dellorfano*, 128 N.H. 628, 632, 517 A.2d 1163, 1166 (1986). Steed does not argue that the due process analysis of *State v. Hurlburt*, 135 N.H. 143, 147-48, 603 A.2d 493, 495-96 (1991), *cert. denied*, 503 U.S. 1008 (1992), applies to this case. We therefore leave this issue for another day.

On the due process issue, Steed does argue that the record in the superior court should reflect the reasons for the change in sentence when a harsher sentence is imposed upon appeal after a trial *de novo*, citing *State v. Wheeler*, 120 N.H. 496, 416 A.2d 1384 (1980). *Wheeler*, however, was overruled by *State v. Landry*, 131 N.H. 65, 550 A.2d 94 (1988). Nevertheless, because Steed raised the question of vindictiveness below, he has sufficiently preserved the issue of whether the sentence increase violates the standard set forth in *Landry*.

■ "[T]rial judges need not explain a sentence increase after a trial *de novo*." *Landry*, 131 N.H. at 66, 550 A.2d at 95. Where a superior court's sentence increase on *de novo* appeal violates no statutory provision, we will uphold it unless "the defendant has met his burden of showing that the increase results from prosecutorial or judicial misconduct or vindictiveness." *Id.* at 67-68, 550 A.2d at 96.

To support his claim of vindictiveness and hostility, Steed suggests that "prolonged and derogatory comments and long-standing media criticism of the [Superior] Court in the disposition of matters of 'domestic violence' have colored the Court's reasoning and strongly affected the reasonable exercise of the discretion permitted in sentencing the defendant." Steed offered no evidence to bolster this sheer speculation. As nothing in the record lends it any credence, we reject it. Steed's remaining arguments supporting his

claim of vindictiveness and hostility were not raised below; there-fore, we do not address them. *State v. Johnson,* 130 N.H. 578, 587, 547 A.2d 213, 218 (1988).

*Affirmed.*

BATCHELDER, J., dissented; the others concurred.

BATCHELDER, J., dissenting: Under the majority's "conscious-ness of guilt" analysis, I believe the evidence of the defendant's conduct with respect to the gun was inadmissible. The defendant's flight from the scene may have been probative of his consciousness of guilt of the charged offense; hiding and lying about his gun arguably raises an inference only of a "consciousness" of guilt about having the gun. I also believe that the record supports finding the preservation of a Rule 404(b) claim. Evidence of the defendant's subsequent "other wrong" of hiding and lying about the gun was irrelevant to the trespass charge and highly prejudicial. *See State v. Richardson,* 138 N.H. 162, 635 A.2d 1361 (1993). I respectfully dissent.