Strafford
No. 95-439

# The State of New Hampshire

v.

# Paul Dewitt

September 30, 1998

*Jeffrey R. Howard,* attorney general (*John C. Kissinger,* assistant attorney general, on the brief, and *Cynthia L. White,* assistant attorney general, orally), for the State.

*Anthony A. McManus,* of Dover, by brief and orally, for the defendant.

BRODERICK, J. The defendant, Paul Dewitt, was convicted after a jury trial in Superior Court (*Mohl*, J.) on one count of aggravated felonious sexual assault. *See* RSA 632-A:2, I(a) (1996). On appeal, he asserts the trial court erred in several evidentiary rulings and by denying his motion for new trial. We vacate the court's order denying the motion for new trial and remand for further proceedings.

The following evidence was introduced at trial. In January 1993, the defendant met the complainant one evening in Dover and discussed the possibility of employing her as a dump truck driver. They met again the following morning, had breakfast, and drove together in the defendant's vehicle to several towns. The complainant testified that they eventually drove to Rochester, where the defendant forced her to engage in sexual intercourse. That evening, the complainant underwent an examination at the hospital for evidence of sexual assault. When the defendant was arrested in October 1993 for sexual assault, he admitted to having sexual intercourse with the complainant but maintained it was consensual. The jury returned a guilty verdict.

Following his conviction, the defendant moved for access to medical and other privileged records concerning the complainant, and for a new trial. The trial court denied the motions. On appeal, the defendant argues that his conviction should be overturned because the trial court erred in several evidentiary rulings, and in denying his motion for new trial based on (1) newly discovered evidence, (2) ineffective assistance of counsel, and (3) the alleged failure by the State to disclose favorable evidence. We address each argument in turn.

I

Prior to trial, the defendant moved *in limine* to introduce statements allegedly made by the complainant's sister-in-law that the complainant was a "sick chick" and "has problems with sexual behavior." He sought to admit the statements as opinion testimony concerning the complainant's character under New Hampshire Rule of Evidence 404(a)(2), arguing that the statements spoke "directly to [the complainant's] credibility as to whether or not she consented to have sex with [the defendant] as alleged in [the] indictment." The trial court denied the motion and excluded the evidence under New Hampshire Rules of Evidence 404(a) and 608. The defendant now argues that the statements were admissible under both rules. The admissibility of evidence is a matter within the trial court's broad

discretion, and we will not upset the court's ruling absent an abuse of that discretion. *State v. Patten*, 137 N.H. 627, 629, 631 A.2d 921, 922 (1993).

■ Rule 404(a)(2) "permits a defendant to introduce evidence of a victim's pertinent trait of character as substantive evidence to prove that the victim acted in conformity therewith on a particular occasion." *State v. Newell*, 141 N.H. 199, 201, 679 A.2d 1142, 1144 (1996). Even if we assume, without deciding, that the sister-in-law's statements evince a particular character trait of the complainant, the defendant failed to identify a nexus between that trait and the complainant's conduct at the time of the assault. *Cf. id.* (complainant's peaceful or aggressive character was pertinent to self defense claim). Accordingly, the trial court did not abuse its discretion by refusing to admit the proffered testimony under Rule 404(a)(2).

■ Rule 608 permits use of opinion testimony to impeach the credibility of a witness when it relates to the witness's "character for truthfulness or untruthfulness." N.H. R. EV. 608(a)(1). The sister-in-law's portrayal of the complainant as a "sick chick" with "sexual behavior" problems is not a character opinion related to the complainant's veracity. Further, as revealed by the record, the defendant never argued that the statements reflected the complainant's character for veracity. Thus, the trial court did not abuse its discretion in excluding the statements.

## II

The defendant next challenges the trial court's admission of the complainant's videotaped interview as a prior consistent statement. The two-hour interview was conducted at the county attorney's office approximately two weeks after the assault. The prosecution offered the videotape to rehabilitate the complainant's credibility after cross-examination and other impeachment by defense counsel. The trial court admitted the videotape in its entirety over the defendant's objection.

"The admissibility of prior consistent statements for rehabilitative purposes is a matter wholly within the discretion of the trial court," and we will overturn the trial court's decision only for an abuse of discretion. *State v. Martin*, 138 N.H. 508, 515, 643 A.2d 946, 950 (1994) (quotation omitted).

Our common law rule allows the admission of prior consistent statements for the limited purpose of rehabilitation when a witness's credibility has been impeached by the use of prior inconsis-

tent statements. *State v. Huard*, 138 N.H. 256, 260-61, 638 A.2d 787, 790 (1994). The prior consistent statements, however, may not be used substantively, *see id.* at 261, 638 A.2d at 790-91, and a defendant is entitled to limiting instructions to prevent unfair prejudice. *See Martin*, 138 N.H. at 515, 643 A.2d at 950.

█ On cross-examination, defense counsel questioned the complainant extensively about discrepancies between her trial testimony and statements she had made during the videotaped interview. Confronted with this impeachment strategy, the trial court did not abuse its discretion by permitting the State to rehabilitate the complainant's credibility with prior consistent statements. *See id.* In addition, the trial court repeatedly instructed the jury to consider the interview for the limited purpose of evaluating the complainant's credibility, and not for the truth of the statements themselves. These limiting instructions adequately protected the defendant from unfair prejudice. *See State v. Morales*, 136 N.H. 616, 620, 620 A.2d 1034, 1037 (1993).

The defendant also challenges the trial court's admission of the entire videotape to rebut impeachment of the complainant on limited topics. The trial court, in its discretion, concluded that the jury should have the benefit of the entire videotape because defense counsel impeached the complainant's testimony "literally from the beginning of this matter right up through the [assault]" and thereafter, principally by reference to statements in the videotape. *See id.* (quantity of prior consistent statements to be admitted is within trial court's sound discretion). Given the breadth of defense counsel's attack on the complainant's credibility, the trial court could have reasonably concluded that it was proper for the jury to view the entire tape to fully understand the inconsistencies alleged by the defense. *See id.* at 620, 620 A.2d at 1036-37; *State v. Dean*, 129 N.H. 744, 749-50, 533 A.2d 333, 337 (1987).

### III

█ The defendant next argues that the trial court erred by denying his motion for new trial based on newly discovered evidence. Such motions require the defendant to prove:

(1) that he was not at fault for not discovering the evidence at the former trial; (2) that the evidence is admissible, material to the merits, and not cumulative; and (3) that the evidence is of such a character that a different result will probably be reached upon another trial.

*State v. Steed*, 140 N.H. 153, 157, 665 A.2d 1072, 1076 (1995) (brackets omitted). In this context, we review the trial court's denial of a motion for new trial for abuse of discretion. *Id.*

The defendant does not challenge the trial court's ruling that he "failed to show why he [was] not at fault for not discovering this evidence at the former trial." Rather, he argues that this finding supports his ineffective assistance of counsel claim. Accordingly, we hold that the defendant failed to show that the trial court abused its discretion in denying his motion.

■ In his brief, the defendant attempts to bootstrap to his newly discovered evidence claim a challenge to the trial court's denial of his motions to access certain records. The defendant, however, failed to include any question in his notice of appeal that can fairly be read to challenge these rulings. *See* SUP. CT. R. 16(3)(b); *State v. Smith*, 141 N.H. 271, 273, 681 A.2d 1215, 1216 (1996). Accordingly, these issues are waived.

## IV

The defendant further asserts that the trial court erred in denying his motion for new trial based on ineffective assistance of counsel. While his appeal is grounded in the Sixth Amendment of the United States Constitution and Part I, Article 15 of the New Hampshire Constitution, his post-trial motion was based solely on the State Constitution. His failure to preserve a federal constitutional challenge, however, is of no consequence because the defendant cannot show that his counsel's performance was constitutionally deficient, a standard identical under both constitutions. *Compare State v. Sanchez*, 140 N.H. 162, 163-64, 663 A.2d 629, 630 (1995) (noting federal standard regarding prejudice prong recently modified) *with State v. Killam*, 137 N.H. 155, 157, 626 A.2d 401, 403 (1993) (standard for attorney performance same under State and Federal Constitutions).

■ To prevail on a claim of ineffective assistance of counsel,

the defendant must show deficient performance by trial counsel, in that counsel made such egregious errors that [he or she] failed to function as the counsel [that the State Constitution guarantees], and that the deficient performance resulted in actual prejudice such that there is a reasonable probability of a different outcome absent counsel's deficient performance.

*State v. Seymour*, 140 N.H. 736, 748, 673 A.2d 786, 795, *cert. denied*, 117 S. Ct. 146 (1996). "We afford a high degree of deference to the strategic decisions of trial counsel, bearing in mind the limitless variety of strategic and tactical decisions that counsel must make." *Id.* at 750, 673 A.2d at 797 (citation and quotation omitted). Criminal defendants are entitled to "reasonably competent assistance of counsel," *Killam*, 137 N.H. at 157, 626 A.2d at 403 (quotation omitted), but not "perfection in trial tactics, or success," *State v. Labonville*, 126 N.H. 451, 454, 492 A.2d 1376, 1378 (1985).

The defendant assigns numerous errors to his counsel's pre-trial discovery and investigation of the complainant's character and background. He claims that a proper investigation would have uncovered evidence of the complainant's dishonesty, her aggressive behavior in a specific sexual encounter, her physical capability to ward off an attack, her aberrant and sexually provocative conduct, her propensity to make false claims, and her mental instability. The defendant argues that his counsel could have used this information to undermine the complainant's credibility and the State's characterization of her as naive.

After a hearing on the defendant's motion for new trial, at which his trial counsel testified, the trial court ruled that counsel had not been ineffective because she lacked sufficient information justifying further investigation, made reasonably competent strategic and tactical decisions not to submit certain evidence at trial, and otherwise competently investigated and presented the defendant's case. We agree and address each claim of error in turn.

First, the defendant claims that his counsel failed to seek the complete records from My Friend's Place, the shelter where the complainant resided. Before trial, trial counsel reviewed two log sheets from My Friend's Place documenting incidents of the complainant's dishonesty. Pursuant to the defense theory that the complainant was confused rather than lying, counsel made a strategic decision not to use this evidence to attack her credibility. We will not revisit this strategic decision. Furthermore, the defendant does not articulate any additional rationale for securing the remaining records.

Second, the defendant asserts that his counsel failed to depose the complainant's sister-in-law or require her attendance at trial. Because counsel's pre-trial motion *in limine* seeking to admit the sister-in-law's opinion testimony was denied, she was not called as a witness. The defendant fails to identify any information his counsel would have obtained by deposing her or compelling her

testimony at trial; thus, it is pure speculation whether he suffered actual prejudice from counsel's alleged incomplete investigation.

Third, the defendant argues that his counsel failed to identify two residents of My Friend's Place who could have impeached the complainant's testimony concerning peripheral events on the day of the assault, and testified about an alleged post-assault sexual encounter with the complainant in which she was the aggressor. On appeal, the defendant argues that his counsel should have asked the State to identify the individuals prior to trial. The defendant, however, did not establish on the record below trial counsel's failure to pursue this avenue. In fact, trial counsel attempted to identify these individuals prior to trial, but the shelter refused to disclose any information citing confidentiality rules. Further, when counsel learned the last name of one of the individuals during trial, she sent an investigator to attempt to locate him. Thus, we agree with the trial court's conclusion that counsel's attempt to locate the two shelter residents was not constitutionally deficient.

Fourth, the defendant claims that his counsel failed to pursue references to the complainant's potential criminal history in South Berwick, Maine, which would have uncovered evidence concerning her suicide attempts, a domestic violence incident with her husband, and several unfounded complaints made by the complainant. Trial counsel, in fact, discovered the domestic violence incident but decided not to pursue the lead upon learning that the complainant's husband attributed no fault to her and, in fact, elevated her to "saint-like" status. We agree with the trial court that there was no way for trial counsel to have known or anticipated that further investigation in Maine might lead to relevant information.

Fifth, the defendant claims that trial counsel should have investigated the complainant's activities at a campground where she lived. He alleges that proper investigation would have uncovered the complainant's aberrant and sexually provocative conduct, including her open cohabitation with her husband and another male. Trial counsel, however, interviewed the complainant's husband about her fidelity and learned that her husband believed that she "had not been at fault at any time, [and] had never cheated on him." Based on this interview, counsel's failure to contact other residents of the campground was reasonable. Moreover, the admissibility of the complainant's prior consensual sexual activity with persons other than the defendant, if any, is doubtful. *See* RSA 632-A:6, II (1996); N.H. R. Ev. 412.

Finally, the defendant claims that his counsel failed to question the investigating officer regarding the complainant's statements

that the defendant threatened to harm her if she did not drop the charges and that she had identified an individual from whom the defendant had purchased marijuana. The defendant argues that the first statement was a fabrication because no charges were pending at the time it was allegedly made. Trial counsel testified, however, that although no charges had been brought against the defendant at that time, the complainant had, in fact, made a formal complaint about the assault. Accordingly, there was no reason for counsel to believe that the complainant's statement was untrue. As for the second statement, counsel reasonably decided not to pursue the defendant's alleged drug source because it might risk implicating the defendant in other crimes. We cannot say this decision was ill-advised.

■ In sum, we agree with the trial court's conclusion that the defendant failed to demonstrate that his counsel's representation was constitutionally deficient. While trial counsel might have pursued different defense theories or made different strategic and tactical decisions, the defendant is not entitled to "retroactively assess[] the quality of his counsel's trial representation against his present feeling as to what might have been better strategy." *Petition of Graham*, 106 N.H. 545, 548, 215 A.2d 697, 700 (1965) (quotation omitted). Trial counsel's representation was reasonably competent and did not violate the defendant's rights under the State Constitution.

We need not address the actual prejudice prong of the ineffective assistance of counsel claim because we hold that trial counsel's representation of the defendant was not deficient. *See Seymour*, 140 N.H. at 750-51, 673 A.2d at 797.

V

Finally, the defendant argues that the trial court erred in denying his motion for a new trial based on the State's failure to provide favorable evidence in violation of his due process rights under Part I, Article 15 of the State Constitution. Specifically, the defendant alleges that the prosecution did not disclose a one-page police report prepared by an officer at the Dover Police Department, memorializing the information he relayed to an investigating officer at the Rochester Police Department. The report reflects that the Dover officer advised his colleague in Rochester that the complainant "ha[d] a past history of being mentally unstable," and suggested she contact the police department in South Berwick, Maine, for more information. The defendant discovered this report during a post-

trial investigation and argues that it would have led him to discover information bearing on the complainant's credibility and state of mind at the time of the charged assault.

 Because the defendant does not assert a violation of his rights under the Federal Constitution, we limit our review to the State Constitution, which, in any event, provides greater protection than does its federal counterpart in this context. *See Breest v. Perrin*, 479 F. Supp. 495, 501 (D.N.H. 1979), *aff'd*, 624 F.2d 1112 (1st Cir.), *cert. denied*, 449 U.S. 1020 (1980); *State v. Laurie*, 139 N.H. 325, 330, 653 A.2d 549, 552 (1995). Part I, Article 15 of our State Constitution provides that no citizen "shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land." The "law of the land" is synonymous with "due process of law." *Bragg v. Director, N.H. Div. of Motor Vehicles*, 141 N.H. 677, 678, 690 A.2d 571, 573 (1997). This due process right imposes on the prosecutor the "duty to disclose evidence favorable to the accused where the evidence is material either to guilt or to punishment." *State v. Lucius*, 140 N.H. 60, 63, 663 A.2d 605, 608 (1995). An investigating officer or other law enforcement official in possession of favorable evidence is subject to this same duty. *See id.*

 Before addressing the defendant's claim of error, we must first clarify the analysis required under our constitution when examining a defendant's right to a new trial in circumstances where the State allegedly withholds favorable evidence. Generally, to secure a new trial, a defendant must prove that the prosecution withheld evidence that is favorable and material. *Laurie*, 139 N.H. at 328, 653 A.2d at 551; *see United States v. Bagley*, 473 U.S. 667, 674 (1985). Favorable evidence includes that which is admissible, likely to lead to the discovery of admissible evidence, or otherwise relevant to the preparation or presentation of the defense. *See Bagley*, 473 U.S. at 683. The withheld evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Laurie*, 139 N.H. at 328, 653 A.2d at 551 (quotation omitted). If, however, the defendant establishes that the prosecution *knowingly* withheld favorable evidence, the burden shifts to the State to prove beyond a reasonable doubt that the omitted evidence would not have affected the verdict. *See id.* at 330, 653 A.2d at 552; *cf. Lucius*, 140 N.H. at 63-64, 663 A.2d at 607-08 (implicitly reasoning that when the State knowingly withholds exculpatory

evidence, it has burden of proving such evidence would not have affected verdict).

▮▮▮ We agreé with the defendant that the trial court misconstrued the State's constitutional duty to disclose favorable evidence. The trial court concluded that the *prosecutor* had not failed to meet its duty because it did not have a copy of the Dover police report at the time of trial. The police report itself, however, establishes that law enforcement had the information both prior to and at trial. *See Lucius*, 140 N.H. at 63, 663 A.2d at 608 (failure of police to disclose favorable evidence to county attorney constitutes breach of duty to the defense). Thus, it is clear that the State withheld the evidence. In fact, on appeal, the State argues only that the information in the police report is not favorable. It fails to assert that it did not possess the report prior to trial, or that the report had been made available to the defendant.

We first address whether the withheld report was favorable to the defendant. The defendant argues that it is favorable because it would have led him to discover information bearing on the complainant's credibility and state of mind at or around the time of the charged assault. Had the report been disclosed, the defendant argues, he would have contacted the South Berwick police as the document advised and discovered information pertaining to the complainant's mental health, including, *inter alia*, her suicidal behavior in the months preceding the alleged assault. The defendant contends that this information is directly relevant to the complainant's credibility.

▮▮▮ We agree with the defendant that the nondisclosed information was favorable. Information pertaining to a witness's mental stability may be relevant to credibility, *see State v. Cook*, 135 N.H. 655, 663-65, 610 A.2d 800, 805-07 (1992) (recognizing that mental stability may be relevant to credibility of witness), and therefore useful as impeachment evidence at trial, *see Bagley*, 473 U.S. at 676 (rejecting distinction between impeachment evidence and exculpatory evidence); *Laurie*, 139 N.H. at 330-32, 653 A.2d at 552-53 (favorable evidence includes impeachment material). Alternatively, it might lead to the discovery of other relevant evidence. The usefulness of impeachment evidence is particularly apparent in this case where only the complaining witness and the defendant have actual knowledge of the circumstances surrounding the alleged assault. As we have noted, "when the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility" may violate due process. *State v.*

*Dedrick*, 135 N.H. 502, 508, 607 A.2d 127, 131 (1992) (quotation and brackets omitted) (applying federal *Brady* standard).

We do not mean to imply that a witness with a history of mental health problems is necessarily less credible as a matter of law than a witness without such a history. Rather, we recognize that a witness's mental health *may* be relevant to that witness's credibility, and where, as here, the witness is adverse to the defendant, such information is sufficiently favorable to the defendant to trigger the State's obligation to disclose it. *See Laurie*, 139 N.H. at 330-33, 653 A.2d at 552-54.

While we conclude that the undisclosed ·evidence was favorable, whether the State or the defendant bears the burden of proof concerning the defendant's entitlement to a new trial depends upon whether the State *knowingly* withheld it. *See Laurie*, 139 N.H. at 330, 653 A.2d at 552 (knowing nondisclosure of favorable evidence shifts burden to State to prove beyond reasonable doubt that evidence would not have affected verdict). Because the trial court did not address this factual issue below, we remand for further proceedings on whether the police report was *knowingly* withheld, and whether the defendant is entitled to a new trial.

After reviewing the record and the briefs with respect to the defendant's remaining arguments, we find them either to be waived, *see State v. Ross*, 141 N.H. 397, 399, 685 A.2d 1234, 1235 (1996); *State v. Devaney*, 139 N.H. 473, 474, 657 A.2d 832, 833 (1995), or without merit and warranting no further discussion, *see Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Vacated and remanded.*

All concurred.