Hillsborough-southern judicial district
No. 98-773

### THE STATE OF NEW HAMPSHIRE

v.

### RANDY LAVALLEE

November 22, 2000

*Philip T. McLaughlin*, attorney general (*Malinda R. Lawrence*, assistant attorney general, on the brief and orally), for the State.

*Risa Evans*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

NADEAU, J. The defendant, Randy Lavallee, was convicted by a jury in Superior Court (*Hollman*, J.) of six counts of aggravated felonious sexual assault, *see* RSA 632-A:2, I (1986 & Supp. 1992), five counts of felonious sexual assault, *see* RSA 632-A:3, II, III (1986), and three counts of misdemeanor sexual assault, *see* RSA 632-A:4 (1986). On appeal, he argues that the trial court erred by (1) limiting his cross-examination of the victim and (2) denying his motion to dismiss because of the State's failure to disclose exculpatory evidence. We affirm.

According to the evidence adduced at trial, the defendant regularly molested his step-daughter when she was twelve until she was fourteen years old. She disclosed the sexual assaults to her boyfriend and to her aunt when she was sixteen. A criminal investigation ensued shortly thereafter resulting in the convictions from which the defendant now appeals.

The defendant first argues that the trial court erred by limiting the scope of his constitutionally protected right to cross-examine the victim. After the victim reported the sexual assaults to the police in 1997, she was placed in foster care for several months. The defendant argues that although the trial court properly allowed him to question the victim about the extensive telephone contact she maintained with her boyfriend while in foster care, the trial court erroneously prohibited him from eliciting evidence that: (1) she was removed from one of her foster homes for making phone calls to her

boyfriend over the objection of her foster mother; (2) she maintained contact with her boyfriend in defiance of a court order; and (3) she refused to get a job because it would interfere with her time with her boyfriend, creating friction with her foster mother.

The defense theory was that the victim fabricated the allegations against the defendant because he was interfering with her ability to spend time with her boyfriend. The defendant argues that the excluded evidence shows the sacrifices the victim was willing to make to be with her boyfriend and, thus, was relevant to her motive to fabricate the allegations against the defendant.

■ Because the defendant did not raise his constitutional argument before the trial court, we conclude that this argument is not preserved for appellate review. *See State v. Alexander*, 143 N.H. 216, 219-20, 723 A.2d 22, 25 (1998). Thus, we limit our review to whether the trial court erred in excluding the proffered evidence as irrelevant. "The determination of whether evidence is relevant is within the sound discretion of the trial court, and we will not reverse its determination absent evidence of abuse of that discretion." *Marcotte v. Timberlane/Hampstead School Dist.*, 143 N.H. 331, 346, 733 A.2d 394, 405 (1999) (quotation omitted).

■ We conclude that the nexus between the victim's willingness to make sacrifices to maintain contact with her boyfriend and the victim's alleged motive to fabricate the allegations against the defendant is far too attenuated to find that the trial court's exclusion of such evidence was an abuse of discretion. *Cf. State v. Besk*, 138 N.H. 412, 415, 640 A.2d 775, 777 (1994). Accordingly, we hold that the trial court did not err by limiting the defendant's cross-examination of the victim.

Next, the defendant challenges the trial court's denial of his motion to dismiss for the State's failure to disclose exculpatory evidence prior to trial.

After the victim made the sexual assault allegations against the defendant to the police, the division for children, youth and families (DCYF) initiated abuse and neglect proceedings against the defendant and neglect proceedings against the victim's mother. Prior to trial, the Trial Court (*Lynn*, J.), finding that portions of the DCYF file might contain exculpatory evidence, ordered that "the entire DCYF file in this matter be disclosed to counsel for the State and counsel for the defendant."

After the jury began deliberations, a DCYF employee involved in the victim's abuse and neglect case notified the county attorney's office that some records from the file had been omitted when the file

was originally turned over to the county attorney's office. The defendant argues that the undisclosed records contain exculpatory information. He further argues that the trial court erred in failing to dismiss the indictments on the basis that DCYF failed to disclose the records pursuant to *State v. Laurie*, 139 N.H. 325, 653 A.2d 549 (1995), *Brady v. Maryland*, 373 U.S. 83 (1963), and our State and Federal Constitutions.

We first consider the defendant's arguments under Part I, Article 15 of the New Hampshire Constitution, "using federal case law only as an aid to our analysis." *State v. Cobb*, 143 N.H. 638, 649, 732 A.2d 425, 435 (1999) (quotation and brackets omitted). "Because Part I, Article 15 of the New Hampshire Constitution is at least as protective of the defendant's rights as the Due Process Clause of the Fourteenth Amendment, . . . we do not engage in a separate federal analysis." *State v. Marti*, 143 N.H. 608, 611, 732 A.2d 414, 417 (1999) (citations omitted).

We have construed Part I, Article 15 of our State Constitution to impose upon a prosecutor a "duty to disclose evidence favorable to the accused where the evidence is material either to guilt or to punishment." *State v. Dewitt*, 143 N.H. 24, 33, 719 A.2d 570, 576 (1998) (quotation omitted); *see* N.H. CONST. pt. I, art. 15. The duty applies to any investigating officer or law enforcement official in possession of favorable evidence. *See Dewitt*, 143 N.H. at 33, 719 A.2d at 576.

The defendant argues that the duty to disclose should be extended to include DCYF workers because DCYF is a State agency. None of the cases cited by the defendant support this proposition, and, moreover, we find it unpersuasive. Application of the disclosure rule to law enforcement officials can be justified by the special relationship shared between prosecutors and law enforcement officials in investigating and prosecuting criminal conduct. *See, e.g.*, 1 R. MCNAMARA, NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE §§ 12, 14 (3d ed. 1997). DCYF does not share a similar relationship with prosecutors; thus, there is no similar justification for imputing DCYF's knowledge of the existence of possibly exculpatory evidence to the prosecution.

We conclude that a prosecutor's duty to produce exculpatory evidence extends only to evidence in the prosecutor's possession or in the possession of a law enforcement agency charged with the investigation and presentation of the case. The duty does not extend to evidence in the possession of other government agencies. *See Com. v. Delp*, 672 N.E.2d 114, 119 (Mass. App. Ct. 1996). We

conclude that the trial court did not err in denying the defendant's motion to dismiss the indictments for *Brady* and *Laurie* violations.

*Affirmed.*

BRODERICK, J., concurred; GROFF, MANGONES, and MOHL, JJ., superior court justices, specially assigned under RSA 490:3, concurred.