Rockingham
No. 2001-429

THE STATE OF NEW HAMPSHIRE

v.

STEVEN ROY

Argued: September 11, 2002
Opinion Issued: December 16, 2002

*Philip T. McLaughlin*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Desfosses Law Firm*, of Portsmouth (*Philip Desfosses* on the brief and orally), for the defendant.

DALIANIS, J. The defendant, Steven Roy, appeals a Superior Court (*McHugh*, J.) order denying his motion for a new trial based upon a claim of ineffective assistance of counsel. We affirm.

This is the second time this case has reached us on appeal. *See State v. Roy*, 140 N.H. 478 (1995) (*Roy I*). In summarizing the relevant facts of this case, we incorporate by reference the facts detailed in *Roy I*.

In *Roy I*, we affirmed the trial court's refusal to grant a mistrial after the prosecution questioned its lead investigator regarding inadmissible statements made by C.J. Kelley, a non-testifying witness. *Id.* at 483. We rejected the defendant's claim that the questioning improperly bolstered the prosecution's chief witness, Maria Zarate, and ruled that because defense counsel had referred to the inadmissible statements during opening arguments and cross-examination, the questioning was not prejudicial. *Id.*

Following our decision in *Roy I*, the defendant filed a motion for a new trial on the grounds of ineffective assistance of counsel, arguing that his counsel's references to the inadmissible statements improperly waived his constitutional right to confrontation. The trial court denied the motion, finding that: (1) the defendant's constitutional right to confrontation was not waived by counsel's conduct; and (2) counsel's trial strategy was reasonable. This appeal followed.

■ To successfully assert a claim for ineffective assistance of counsel, a defendant must first show that counsel's representation was constitutionally deficient and, second, that counsel's deficient performance actually prejudiced the outcome of the case. *State v. Seymour*, 140 N.H. 736, 748, *cert. denied*, 519 U.S. 853 (1996). We have recognized that "broad discretion is permitted trial counsel in determining trial strategy, and the defendant must overcome the presumption that counsel's trial strategy was reasonably adopted." *State v. Fennell*, 133 N.H. 402, 409-10 (1990). The standard for determining whether counsel's performance is constitutionally deficient is the same under both the State and Federal Constitutions. *See State v. Dewitt*, 143 N.H. 24, 29 (1998). Therefore, we will examine the constitutional competency of counsel's performance under the State Constitution only, and rely upon federal case law only for guidance. *See State v. Ball*, 124 N.H. 226, 231-32 (1983).

The defendant claims that counsel impermissibly waived his right to confrontation by referring to inadmissible statements by C.J. Kelley, a non-testifying witness, during trial. Since the defendant did not expressly authorize the waiver, he argues that counsel's conduct was unreasonable and therefore constitutionally deficient. *Cf. State v. Anaya*, 134 N.H. 346, 353-54 (1991). This argument fails, however, because the defendant was not deprived of his constitutional right to confront C.J. Kelley.

To make his claim, the defendant relies upon *Bruton v. United States*, 391 U.S. 123 (1968), in which the United States Supreme Court held that, in a joint trial, the admission of a non-testifying co-defendant's inadmissible confession, which incriminated the defendant, violated his right to confrontation. *Id.* at 125-26. The Court held that such a confession was so "powerfully incriminating" and "devastating to the defendant" that a jury instruction that the jurors not consider the inadmissible confession against the defendant was insufficient to remove the evidence from the jurors' minds. *Id.* at 135-36. Thus, the Court created a narrow exception to the rule that a proper jury instruction can cure the prejudice of inadmissible evidence having been presented to the jury. *See Richardson v. Marsh*, 481 U.S. 200, 207 (1987).

The defendant argues that *Bruton* errors occurred when counsel referred to C.J. Kelley's statement during opening argument. Assuming without deciding that *Bruton* applies when the defendant and the alleged accomplice are tried separately, *contra United States v. Gomez*, 276 F.3d 694, 699 (5th Cir. 2001), or when the defendant rather than the State references the inadmissible confession, we find no such errors.

■ As an initial matter, counsel's opening statement is not evidence. *State v. Martin*, 138 N.H. 508, 516 (1994). While there may be references

made during the opening statement that are so prejudicial that a defendant's constitutional rights are implicated, *see Frazier v. Cupp*, 394 U.S. 731, 736 (1969), we do not construe counsel's references to C.J. Kelley's statement to be such a case. Counsel neither read the statement nor summarized its contents. Counsel used the references to bolster the defense theory that C.J. Kelley and Zarate had conspired to implicate the defendant. We do not believe that these limited references constitute the sort of powerfully incriminating evidence at issue in *Bruton*.

■ The defendant further argues that a *Bruton* error occurred when counsel wrote on an easel during the cross-examination of Detective Kelley to demonstrate that the defendant was arrested after C.J. Kelley's interview with the police. This argument fails because counsel merely showed the jury the timing of C.J. Kelley's police interview and the defendant's arrest and did not reference any portion of C.J. Kelley's statement. Finding no *Bruton* error, we apply the general rule that jurors follow instructions. *See State v. Fortier*, 146 N.H. 784, 793 (2001). Accordingly, because the jury was instructed to disregard references to C.J. Kelley's statement, the defendant was not deprived of his right to confrontation.

The defendant also asserts that his counsel's trial strategy was deficient. In resolving whether a counsel's strategy was reasonably adopted, we will not disturb the factual findings of the trial court "unless they are not supported by the evidence or are erroneous as a matter of law." *Reid v. Warden, N.H. State Prison*, 139 N.H. 530, 532 (1995) (quotation omitted).

■ The theory of defense was that C.J. Kelley and Zarate committed the murder and later conspired to implicate the defendant. *Roy I*, 140 N.H at 480. Counsel's references to C.J. Kelley's involvement were made to establish the conspiracy theory link between him and Zarate. *See id.* at 483. The trial court determined that this strategy was not only reasonable, but possibly counsel's only viable means of defending her client in light of the evidence against him. The defendant does not offer any alternatives that render counsel's choice of strategy unreasonable. Under the circumstances, we conclude that the defendant has failed to overcome the presumption that counsel's trial strategy was reasonably adopted.

Because the defendant has not demonstrated that his counsel's performance was deficient, we need not address whether he was actually prejudiced by counsel's conduct. *See Dewitt*, 143 N.H. at 32.

*Affirmed.*

BROCK, C.J., and NADEAU, J., concurred.