**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0587, <u>State of New Hampshire v. Bradley Birkenfeld</u>, the court on August 12, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Bradley Birkenfeld, appeals his conviction, following a bench trial in the Circuit Court (<u>Gardner</u>, J.), on a charge of driving while intoxicated.  <u>See</u> RSA 265-A:2 (2014).  He argues that the trial court violated his federal and state constitutional rights to due process and a fair trial by admitting the result of a preliminary breath test (PBT) without evidence that the officer who administered the PBT complied with the requirements of RSA 265-A:15 (2014), and that the trial court erred by finding that he had "opened the door" to evidence of the PBT result.

At the outset, we note that at no point at trial did the defendant argue that either the State or Federal Constitution required that the PBT result be excluded from evidence.  <u>See</u> <u>State v. Lavallee</u>, 145 N.H. 424, 426 (2000).  Nor has he adequately developed a constitutional argument on appeal.  <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).  Accordingly, we limit our review to whether the trial court unsustainably exercised its discretion by admitting the PBT result.  <u>See</u> <u>State v. Ramsey</u>, 166 N.H. 45, 49 (2014) (noting that evidentiary rulings are reviewed for unsustainable exercises of discretion); <u>Lavallee</u>, 145 N.H. at 426 (limiting review to whether trial court exceeded its discretion in excluding evidence where the defendant did not preserve constitutional issue).  To establish that the trial court unsustainably exercised its discretion, the defendant must show that its ruling was clearly untenable or unreasonable to the prejudice of his case.  <u>Ramsey</u>, 166 N.H. at 49.

In this case, the record reflects that on cross-examination of the arresting officer, the defendant introduced, over the State's objection, evidence that the officer had administered a PBT, and had failed to advise the defendant that taking the PBT would not excuse him from having to take a subsequent alcohol concentration test.  <u>See</u> RSA 265-A:15, I (requiring officer to advise that taking a PBT will not excuse the driver from having to take an alcohol concentration test pursuant to RSA 265-A:4 (2014)).  In his offer of proof, the defendant explained that he refused to take a subsequent alcohol concentration test because he had already taken the PBT.  Thus, he asserted

that the evidence rebutted any inference that his refusal to take the subsequent test reflected a consciousness of guilt.

On redirect examination of the officer, the trial court allowed the State to introduce testimony that the PBT result exceeded the legal limit, and that the defendant was aware of the PBT result. The trial court did not, however, allow the State to introduce the actual alcohol concentration level that the PBT revealed. The trial court reasoned that the defendant had "opened the door" to such testimony by suggesting that he had refused an alcohol concentration test because he had misunderstood the significance of the PBT. According to the trial court, evidence that the defendant knew that the PBT result exceeded the legal limit suggested that he had refused the subsequent test not because he thought that the PBT satisfied his obligation under RSA 265-A:4, but because he thought that its result might also exceed the legal limit. The trial court noted, however, that it would allow the testimony only to show the defendant's state of mind in refusing to take the test, and not as evidence of impairment.

Following the trial court's finding of guilt, the defendant moved for reconsideration. He argued that evidence of the PBT result was inadmissible because the officer who administered the PBT did not "give the statutory admonishments" required by RSA 265-A:15. He requested that the trial court "strike from the record all testimony pertaining to the PBT other than the fact that one was administered and no statutory admonishments [were] given," and that it find him not guilty. At the defendant's sentencing hearing, the trial court orally granted the motion in part, striking all testimony pertaining to the PBT and the defendant's subsequent refusal to take an alcohol concentration test. The trial court explained that, because the officer had failed to advise the defendant that taking a PBT would not excuse a subsequent alcohol concentration test, it had not considered either the PBT result or the defendant's refusal to take the subsequent test in finding him guilty. Instead, the trial court stated that it had relied solely upon evidence concerning the defendant's performance on field sobriety tests and the observations of the officers in finding that he was impaired.

On appeal, the defendant argues that the officer's failure to comply with RSA 265-A:15 rendered the PBT result inadmissible, and that the trial court misapplied the specific contradiction doctrine in allowing the PBT result into evidence. Even if we were to assume, without deciding, that an officer's failure to comply with RSA 265-A:15 renders a PBT result inadmissible, and that the trial court erred by allowing the PBT result into evidence under the specific contradiction doctrine, the defendant has failed to establish that the trial court's error prejudiced his case. See Ramsey, 166 N.H. at 49. The trial court struck both the PBT result and evidence that the defendant subsequently refused to take an alcohol concentration test from the record, and expressly confirmed that it had not relied upon either item of evidence in finding him

2

guilty. The defendant does not argue that, absent evidence of the PBT result and refusal to take an alcohol concentration test, the remaining evidence was insufficient to sustain his conviction. Under these circumstances, the trial court eliminated any prejudice that might have been caused by its purported error. See State v. Ploof, 165 N.H. 113, 119 (2013) (finding that the trial court's striking of inadmissible evidence and curative instruction not to consider it eliminated any prejudice).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**