**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0682, <u>State of New Hampshire v. Joshua Baud</u>, the court on December 22, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Joshua Baud, appeals an order of the Superior Court (<u>Garfunkel</u>, J.), in which the court — although inclined to reduce the sentence that it had imposed upon the defendant four days earlier — concluded that it did not have authority to do so. We reverse and remand.

The facts relevant to this appeal are as follows. In June 2014, the defendant was convicted by a jury on two counts of aggravated felonious sexual assault. <u>See</u> RSA 632-A:2, I(l), II (2007). On September 26, 2014, the trial court sentenced him on the two counts. Four days later, the trial court held a status conference and notified the parties that, after "g[iving] the case considerable thought" over the weekend, it had concluded that the sentence imposed was "inappropriately high." The trial court explained that it had "thought critically about the case, extensively reviewed the parties' materials and arguments, reflected on its experience [in] other sexual assault cases . . . and reconsidered and balanced the three goals of sentencing as applied to [the defendant's] case." The trial court told the parties that it intended to reduce the stand committed portion of the sentence and the term of suspension of his sentence on the second count. The trial court then scheduled a hearing for resentencing.

Prior to the resentencing hearing, the State filed a motion in which it argued that the trial court lacked authority to amend its original sentencing order. The defendant countered that, under the circumstances, the trial court had the inherent power to reduce his sentence after it was imposed. The defendant also filed a timely motion for reconsideration of his sentence.

Following a hearing, the trial court ruled that "its contemplated action" of reducing the defendant's sentence "would exceed the scope of [the court's] common law authority," and that it did "not have authority to exercise jurisdiction . . . to reduce [the defendant's] sentence." The trial court also concluded that it did not have authority under Superior Court Criminal Rule 59-A (Rule 59-A) to reconsider and reduce the defendant's sentence. <u>See</u> <u>Super. Ct. Crim. R.</u> 59-A. Therefore, the September 26 sentencing order remained in effect. This appeal followed. The issue presented on appeal is

whether, under the circumstances of this case, the trial court had authority to reconsider and reduce the defendant's sentence.

Although we typically review a trial court's decision on a motion for reconsideration for an unsustainable exercise of discretion, see State v. Barkus, 152 N.H. 701, 705 (2005), the issue on appeal involves the interpretation of a Superior Court Rule, which is a question of law, and, therefore, our review is de novo, see State v. Champagne, 152 N.H. 423, 428 (2005). Here, we conclude that the trial court erred when it ruled that it did not have authority under Rule 59-A to reconsider and reduce the defendant's sentence.

Rule 59-A establishes a 10-day period from the date of written notice of a trial court order or decision during which a party may file a "motion for reconsideration or other post-decision relief." Super. Ct. Crim. R. 59-A. Such a motion "shall state, with particular clarity, points of law or fact that the Court has overlooked or misapprehended." Id. There is nothing in the language of Rule 59-A that bars a defendant from seeking reconsideration of his or her sentence, or deprives a trial court of authority to rule upon a motion to reconsider a sentence. See Lillie-Putz Trust v. Downeast Energy Corp., 160 N.H. 716, 722 (2010) (explaining that when interpreting a superior court rule we first look to the plain meaning of the words). In fact, we have issued opinions in many cases in which the defendant filed — and the trial court ruled upon — a motion for reconsideration of the defendant's sentence. See, e.g., State v. Enderson, 148 N.H. 252, 254-55 (2002); State v. Steed, 140 N.H. 153, 158-59 (1995); State v. Rau, 129 N.H. 126, 128 (1987); State v. Lavallee, 119 N.H. 207, 213 (1979); State v. Ferbert, 113 N.H. 235, 236-38 (1973).

We conclude, therefore, that Rule 59-A permits a trial court to reconsider and reduce a defendant's sentence pursuant to a timely filed motion for reconsideration. The trial court's conclusion to the contrary, was, therefore, error. Because we conclude that the trial court had authority under Rule 59-A to reconsider and reduce the defendant's sentence, we need not address the issue of whether the trial court had inherent authority under the common law to reduce the defendant's sentence.

Reversed and remanded.

DALIANIS, C.J., and CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

2