Carroll
No. 92-219

THE STATE OF NEW HAMPSHIRE

v.

DAVID C. LUCE

July 15, 1993

*Jeffrey R. Howard*, attorney general (*Amy Vorenberg*, assistant attorney general, on the brief and orally), for the State.

*Twomey & Sisti Law Offices*, of Concord (*Mark L. Sisti* and *Jonathan R. Saxe* on the brief, and *Mr. Sisti* orally), for the defendant.

BROCK, C.J. The defendant, David C. Luce, was convicted on two counts of felonious sexual assault, RSA 632-A:3 (1986), after a jury trial in the Superior Court (*Mohl*, J.). On appeal, he argues that the trial court erred in allowing the State's psychologist to testify, based on her interpretation of the alleged child victim's drawings, that she believed that the child had been sexually abused. The defendant also argues that the trial court erred in ruling that the child was competent to testify and in allowing the child's hearsay statements into evidence under Rule 803(4) of the New Hampshire Rules of Evidence. We reverse the defendant's convictions on the claim involving the psychologist's testimony and, therefore, do not address his other claims on appeal.

The defendant's daughter, the alleged victim in this case, was born in 1984. The defendant and his child lived with the child's mother and older brother until the defendant moved out in March 1989. The defendant visited the child on occasion until August 1989. The facts presented at trial regarding the alleged incidents of sexual abuse are sketchy. A gynecologist who examined the child on three separate occasions testified that she did not find any conclusive physical evidence of sexual abuse. The child also took the stand at trial, but was unable to answer questions about the abuse and failed to implicate the defendant in any incidents of abuse.

A substantial portion of the inculpatory evidence at trial was a collection of drawings and writings created by the child over a period of time. Pursuant to New Hampshire Rule of Evidence 803(4), the collection was admitted into evidence through Dr. Peter Whelley, a psychologist at the child's school, who had been having sessions with the child. Rule 803(4) provides an exception to the general rule

against hearsay for statements made for the purposes of medical diagnosis or treatment. *See State v. Wade*, 136 N.H. 750, 751, 622 A.2d 832, 833 (1993). A number of the drawings admitted into evidence seemingly depict the child in sexually abusive situations with the defendant and the child's grandmother. Some of the writings also refer to possible incidents of sexual abuse.

The State also presented the testimony of another psychologist, Dr. Kathleen Bollerud, who was asked to "interpret" the child's drawings and identify the characteristics of the drawings which she believed indicated that they were made by a sexually abused child. Dr. Bollerud engaged in a "blind interpretation" of the drawings on the stand. She had not reviewed the drawings prior to trial, had no knowledge of the circumstances surrounding their creation, and had not interviewed the child who drew them. Aside from the sexual nature of some of the drawings, Dr. Bollerud noted such things as missing feet and hands, blackened faces, a lack of clothing, an enlarged hand on a drawing of the defendant, and the regressive drawing techniques used in making some of the drawings. Dr. Bollerud was permitted to testify over defense counsel's objection that "these drawings are consistent with those of a child who's been sexually abused." She further stated:

> "Any child who brought me pictures like that would raise in my mind extremely serious concerns that this child was being sexually abused. I would automatically report it to the Division of Children and Youth Services that this had to be investigated, and this child, in my mind, would raise serious question if this child needed to be protected."

Dr. Bollerud's testimony is a clear example of the type of unreliable evidence that we have held should be excluded from criminal trials. *See State v. Cressey*, 137 N.H. 402, 407, 628 A.2d 696, 699 (1993). In *Cressey*, we recognized that an expert's testimony must rise to a threshold level of reliability under New Hampshire Rule of Evidence 702 before it can be admitted into evidence for the purpose of assisting a jury in understanding other evidence or determining a fact in issue. *See id.* at 405, 628 A.2d at 698; *cf. Daubert v. Merrell Dow Pharmaceuticals, Inc.*, — U.S. —, 113 S. Ct. 2786 (1993). We held that a psychologist's conclusion that a child had been sexually abused, based on such evidence as an interpretation of the child's drawings, was unreliable and, therefore, inadmissible under Rule 702. *See Cressey*, 137 N.H. at 407, 628 A.2d at 699. In accordance with our decision in *Cressey*, we hold that the trial court erred in admitting

Dr. Bollerud's testimony in this case. We find no indication in the record or in our research that a psychologist can accurately conclude from the information reviewed by Dr. Bollerud that a child has been sexually abused.

■ We reject the State's position that Dr. Bollerud's testimony was limited by her conclusion that the drawings in this case were consistent with those of a sexually abused child. *See id.* at 407, 628 A.2d at 699–700. There is a fine line that technically divides this statement from a general conclusion that the psychologist believes that the drawings were made by a sexually abused child. In practice, however, we see no appreciable difference when the testimony is offered to prove that a child has been sexually abused. *Id.* Moreover, Dr. Bollerud's testimony in this case clearly went beyond the limits of identifying a consistency when she expressed her serious concerns that a child drawing such pictures was being sexually abused and should be automatically reported to the division for children and youth services for investigation and protection.

■ The trial court's error in admitting the testimony of Dr. Bollerud cannot be considered harmless. Without any direct testimony from the child implicating the defendant or even describing the alleged abuse, the child's drawings were a crucial part of the State's case. Dr. Bollerud's testimony sanctioned the drawings as an authoritative source of information and affirmed what they purported to say. We cannot say beyond a reasonable doubt that the testimony did not affect the verdict, *see State v. Elwell,* 132 N.H. 599, 607, 567 A.2d 1002, 1007 (1989), and we therefore reverse the defendant's convictions.

*Reversed and remanded.*

All concurred.