NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Cheshire
No. 2013-266


THE STATE OF NEW HAMPSHIRE

v.

GREGORY COLLINS

Argued: February 20, 2014
Opinion Issued: April 18, 2014


Joseph A. Foster, attorney general (Nicholas Cort, assistant attorney general, on the brief and orally), for the State.

Getman, Schulthess & Steere, P.A., of Manchester (Andrew R. Schulman on the brief and orally), for the defendant.


DALIANIS, C.J. The defendant, Gregory Collins, appeals an order of the Superior Court (Kissinger, J.) denying his motion for a new trial on three counts of pattern aggravated felonious sexual assault (AFSA), four counts of AFSA by individual acts, and one count of misdemeanor sexual assault, based upon the court's conclusion that his trial attorney's performance was not constitutionally deficient. See RSA 632-A:2, I(j), III (2007), :4 (2007) (amended 2008 & 2010). We reverse and remand.

I.  Background

        The record establishes the following facts.  The complainant is the
defendant's daughter.  She alleged that the defendant began "doing stuff that
was not appropriate" in April 2007, when she was fourteen years old.  She
alleged that the inappropriate behavior occurred on Monday evenings, when
her mother took one of her siblings to gymnastics.  The complainant testified
that on some of those evenings, the defendant would "put in a video" for her
younger siblings to watch and would then "pull [her] into the bedroom."  On
other occasions, the complainant would already be in her bedroom.  On those
occasions, because the complainant's bedroom door would not lock, the
defendant would put a book under it so that her siblings would not enter.

        The complainant testified that the first time the defendant took her into
her bedroom, he asked her to undress, and when she refused, forcibly
undressed her.  Once she was undressed, the defendant "straddled" her and
"play[ed]" with her breasts.  He then "started moving down toward [her] vagina
and . . . started licking around there, too."  The complainant testified that a
similar incident occurred a few weeks later and that similar assaults occurred
"probably almost every week" until November 2007.

        The complainant testified that other assaults occurred during this time
period, including one in which the defendant told her that he was going to "fix"
her back and, while she was undressed, on her hands and knees, he
penetrated her anus with his finger and then with a pencil.  The complainant
also described two occasions when the defendant penetrated her vagina with
his finger.

        After a jury convicted the defendant, and we upheld his convictions on
appeal, he filed a motion for new trial on the ground that he did not receive
effective assistance of counsel as guaranteed by the State and Federal
Constitutions.  See N.H. CONST. pt. I, art. 15; U.S. CONST. amends. VI, XIV.
The trial court found that the defendant's trial counsel's performance fell below
an objective standard of reasonableness in several respects, but that it was not
constitutionally deficient because the defendant was not actually prejudiced by
it.  This appeal followed.

II.  Analysis

        The defendant contends that the performance of his trial counsel (who is
not his appellate counsel) was deficient under both the State and Federal
Constitutions.  We first address his claim under the State Constitution and rely
upon federal law only to aid our analysis.  State v. Ball, 124 N.H. 226, 231-33
(1983).  To prevail upon a claim of ineffective assistance of counsel, the
defendant must demonstrate, first, that counsel's representation was

constitutionally deficient and, second, that counsel's deficient performance actually prejudiced the outcome of the case. State v. Brown, 160 N.H. 408, 412 (2010). A failure to establish either prong requires a finding that counsel's performance was not constitutionally defective. Id.

To satisfy the first prong of the test, the performance prong, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id.; Strickland v. Washington, 466 U.S. 668, 688 (1984). To meet this prong of the test, the defendant must show that counsel made such egregious errors that she failed to function as the counsel the State Constitution guarantees. State v. Thompson, 161 N.H. 507, 529 (2011). We afford a high degree of deference to the strategic decisions of trial counsel, bearing in mind the limitless variety of strategic and tactical decisions that counsel must make. Id. The defendant must overcome the presumption that trial counsel reasonably adopted her trial strategy. Id. Accordingly, "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. (quotation and brackets omitted); Strickland, 466 U.S. at 689.

To satisfy the second prong, the prejudice prong, the defendant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Brown, 160 N.H. at 413; see Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Brown, 160 N.H. at 413 (quotation omitted). "In making this determination, we consider the totality of the evidence presented at trial." Id. (quotation omitted).

"Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." Id. Therefore, we will not disturb the trial court's factual findings unless they are not supported by the evidence or are erroneous as a matter of law, and we review the ultimate determination of whether each prong is met de novo. Id.

The defendant challenges his counsel's failure to object to improper expert witness opinion testimony by the complainant's therapist, Robert Fusco. Fusco testified that he has forty-two years of experience treating "seriously traumatized abuse[d] and neglected children." On direct examination, without objection, Fusco testified that the complainant's behaviors "fit perfectly into the same kind of behavioral symptoms that we would see for a child who had been sexually abused." Fusco testified that, as a result of the complainant's January 2008 disclosure to him about the 2007 sexual assaults, he realized that "we were no longer dealing with . . . a major depressive disorder," but rather "a post[-]traumatic stress disorder on a child who had – who – who

3

allegedly had been sexually abused." Fusco also testified, absent objection, that the complainant's disclosure "was the missing piece," in his treatment of her. He stated that once the complainant disclosed the sexual assaults, "it all fit into place" and "made sense of all of her behaviors prior to this, especially things like hygiene."

The trial court stated that it could not conclude that it was objectively reasonable to allow Fusco to so opine. The trial court explained that "Fusco's testimony is the type of expert testimony that the Supreme Court has held may not be offered to prove that a particular child has been sexually abused." See State v. Cressey, 137 N.H. 402, 412 (1993). The trial court was correct. Our conclusion as to this issue is compelled by settled jurisprudence, which neither party requests that we overrule.

We have long held that testimony of a child sexual abuse victim's specific behavior "is inadmissible . . . if its purpose is to prove that abuse occurred, or if the expert testifies that the particular victim's behaviors were consistent with one who had been abused." State v. MacRae, 141 N.H. 106, 109 (1996); see State v. Chamberlain, 137 N.H. 414, 418-19 (1993) (expert's testimony "that the behaviors of the child victim were consistent with those of a child who had been sexually abused" was inadmissible and did not constitute harmless error). In effect, Fusco was allowed to opine that the complainant was a victim of child sexual abuse. Her behaviors, he testified, "fit perfectly" with those of a child sexual abuse victim. After the complainant disclosed the sexual assaults, Fusco diagnosed her with post-traumatic stress disorder caused by alleged sexual abuse. Fusco's testimony constitutes a "clear example of the type of unreliable evidence that we have held should be excluded from criminal trials." State v. Luce, 137 N.H. 419, 421, 422 (1993) (expert's testimony that victim's drawings were "consistent with those of a child who's been sexually abused" was inadmissible, and "trial court's error in admitting the testimony . . . cannot be considered harmless") (quotation omitted).

Defense counsel also failed to object to Fusco's testimony that the fact that the complainant's disclosure "came out of the blue . . . added to its credibility." Such testimony "cross[ed] the line into the impermissible realm of vouching for the [alleged] victim's credibility." State v. DeCosta, 146 N.H. 405, 409 (2001). "Of course, expert testimony concerning a particular child witness's veracity is inadmissible because that determination is solely within the province of the jury." State v. Sargent, 144 N.H. 103, 105 (1999) (citation omitted). In light of our abundant case law on the subject, we can conceive of no strategic purpose for defense counsel's failure to object to Fusco's improper expert witness testimony. Defense counsel's failure to object "cannot reasonably have been said to have been part of a trial strategy or tactical choice." Thompson, 161 N.H. at 530 (quotation omitted).

4

"Turning now to the prejudice prong, the prejudice in this case was manifest." Id. at 532. "As in most sexual assault cases, this case turned on the complainant['s] credibility." State v. Montgomery, 144 N.H. 205, 209 (1999). However, because of defense counsel's errors, that credibility was impermissibly bolstered. Because defense counsel failed to object, the jury heard from an expert, with forty-two years of experience, that the complainant's behaviors "fit perfectly" with those of a child sexual abuse victim and that she suffered from post-traumatic stress disorder caused by alleged sexual assault. Because defense counsel failed to object, the jury heard that, in the expert's view, the fact that the complainant's disclosure "came out of the blue," made her allegations more credible.

Counsel's failures to object, in our view, "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Her conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. Having determined that the defendant's trial counsel's performance was deficient under the State Constitution, we need not reach his federal claim. See Ball, 124 N.H. at 237. Nor need we reach the other grounds the defendant asserts in support of his ineffective assistance of counsel claim.

Reversed and remanded.

HICKS, CONBOY, LYNN and BASSETT, JJ., concurred.