NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-southern judicial district
No. 2021-0009


THE STATE OF NEW HAMPSHIRE

v.

ERNESTO RIVERA

Argued: April 14, 2022
Opinion Issued: June 3, 2022


John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Elizabeth C. Woodcock, senior assistant attorney general, on the memorandum of law and orally), for the State.


Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.


HICKS, J. The defendant, Ernesto Rivera, appeals an order of the Superior Court (Temple, J.) denying his motion to vacate his 2020 resentencing on certain of his 2015 convictions. On appeal, he argues that the trial court impermissibly "increased" certain of his sentences and that it erred by rejecting his claim that his counsel in the 2020 resentencing procedure was ineffective. We affirm in part, vacate in part, and remand.

I. Facts

The relevant facts follow. The defendant had two separate jury trials in 2015 on different sets of charges. At his first trial, the jury convicted the defendant on two counts of being an armed career criminal and two counts of the lesser-included charge of being a felon in possession, one count of possession of a narcotic drug with intent to sell or dispense, and four counts of solicitation of witness tampering. At his second trial, the jury convicted him on one count of possession of a narcotic drug, one count of criminal threatening, and five counts of domestic-violence-related simple assault.

By agreement of the parties, the Superior Court (Garfunkel, J.) sentenced the defendant on all convictions at a single hearing in December 2015. Because the felon-in-possession charges were lesser-included offenses of the armed career criminal charges, the trial court sentenced the defendant on the armed career criminal convictions and not on the felon-in-possession convictions. For the armed career criminal convictions, the trial court imposed consecutive 10-to-20 year stand committed sentences. See RSA 159:3-a, II (2014). For the remaining convictions from the defendant's first trial, the trial court imposed a 10-to-20 year stand committed sentence for possession with intent to be served consecutively to the armed career criminal sentences, and concurrent 3.5-to-7 year stand committed sentences for solicitation to witness tampering to be served consecutively to the sentence for possession with intent. The court suspended all but one of the defendant's sentences for the convictions from his second trial; it imposed a stand committed 12-month sentence for one of his domestic-violence-related simple assault convictions. The 12-month sentence was to be served consecutively to the defendant's 10-to-20 year stand committed sentence for possession with intent (from his first trial), but concurrently with the 3.5-to-7 year sentences for solicitation of witness tampering. Thus, in 2015, the defendant was sentenced to an aggregate prison term of 33.5 to 67 years.

The parties subsequently agreed that our holding in State v. Folds, 172 N.H. 513 (2019), rendered the defendant's armed career criminal convictions unlawful. See Folds, 172 N.H. at 527 (holding that the armed career criminal statute "applies only to persons whose qualifying convictions arise from three or more criminal episodes"). Accordingly, the defendant moved to vacate them, his motion was granted, and the armed career criminal convictions, in effect, were replaced by the felon-in-possession convictions (the lesser-included offenses).

The Superior Court (Temple, J.) held a new sentencing hearing in January 2020 at which, by agreement of the parties, the court resentenced the defendant on all of his remaining convictions, including those from his second trial. As the parties had agreed, the trial court "fashion[ed] appropriate sentences" by considering the defendant's convictions "anew . . . tak[ing] into

2

account the facts and circumstances of [the defendant's] crimes, [his] criminal history, [the] aggravating [and] mitigating factors, and the sentencing rules." The parties indicated their understanding and agreement that the trial court could impose "all new sentences" and that the proceeding was "a de novo resentencing."

For the convictions from the defendant's first trial, the trial court imposed the following sentences: (1) concurrent 3.5-to-7 year stand committed sentences for the felon-in-possession convictions to be served consecutively to one of the sentences for solicitation to witness tampering; (2) a stand committed sentence of 7.5 to 20 years for possession with intent; and (3) concurrent 3.5-to-7 year sentences for solicitation to witness tampering to be served consecutively to the defendant's sentence for narcotic possession (from his second trial). For the convictions from his second trial, the court imposed the following sentences: (1) a 3.5-to-7 year stand committed sentence for the possession of a narcotic drug conviction to be served consecutively to the sentence for possession with intent from the defendant's first trial; (2) a 12-month stand committed sentence for criminal threatening to be served concurrently with the sentence for narcotic possession and consecutively to the sentences for domestic-violence-related simple assault; and (3) 12-month suspended sentences for domestic-violence-related simple assault to be served concurrently with the sentence for possession of a narcotic drug and consecutively to one another. Thus, in 2020, the defendant was sentenced to an aggregate prison term of 18 to 41 years.

The defendant subsequently moved to vacate his stand committed sentences for the convictions from his second trial, arguing that the trial court had impermissibly increased those sentences, and asserting that he received ineffective assistance of counsel in connection with the January 2020 resentencing proceeding. Following a hearing, the trial court denied the defendant's motion. This appeal followed.

II. Analysis

A. 2020 Sentences for Narcotic Possession and Criminal Threatening

"In general, trial judges are vested with broad discretionary powers with regard to sentencing." State v. Benner, 172 N.H. 194, 198 (2019) (quotation and brackets omitted). We ordinarily review a trial court's sentencing decision under our unsustainable exercise of discretion standard. State v. Castine, 172 N.H. 562, 567 (2019). However, when, as in this case, the defendant argues that the sentencing decision violated his constitutional rights, we review that decision de novo. State v. Willey, 163 N.H. 532, 541 (2012). We review questions of law, including questions of constitutional law, de novo. See State v. DeCato, 156 N.H. 570, 573 (2007).

On appeal, the defendant first argues that the trial court erred by resentencing him for any of the convictions from his second trial because the original sentences for those convictions were neither concurrent to nor consecutive with the sentences on the armed career criminal convictions from his first trial and because New Hampshire has not adopted the federal "sentencing package" doctrine. See State v. Abram, 156 N.H. 646, 654-56 (2008). We disagree.

Under the federal "sentencing package" doctrine, "federal courts presume that when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan." Id. at 654 (quotations omitted). With this presumption "in mind, several federal courts have held that when one or more counts of a 'bundled' sentence are vacated, the federal district court may rebundle the package by resentencing the defendant on the affirmed charges in order to effectuate its original sentencing intent." Id. (quotation omitted). The defendant's reliance on our rejection of the federal "sentencing package" doctrine in Abram is misplaced because here, the parties agreed that the defendant would be resentenced on all counts, including those from his second trial. See State v. Goodale, 144 N.H. 224, 227 (1999) (quotation and brackets omitted) (explaining that under the invited error doctrine, "a party may not avail himself of error into which he has led the trial court, intentionally or unintentionally").

The defendant next asserts that the trial court violated his state and federal constitutional rights to due process by resentencing him for convictions entered in his second trial "to the extent that it increased those sentences." See N.H. CONST. pt. I, art. 15; U.S. CONST. amends. V, XIV. Specifically, he contends that by imposing stand committed, instead of suspended, sentences for his narcotic possession and criminal threatening convictions, the 2020 sentencing court impermissibly increased his sentences in violation of his due process rights. We first address the defendant's claim under the State Constitution and rely upon federal law only to aid our analysis. State v. Ball, 124 N.H. 226, 231-33 (1983).

To support his argument, the defendant relies upon case law concerning due process limitations on a trial court's ability to modify a previously-imposed sentence. See State v. Fletcher, 158 N.H. 207, 211 (2009) (explaining that "where the original sentence is clear as to the intent and is legal, the sentencing court does not have authority to later increase the sentence"); State v. Ortiz, 162 N.H. 585, 596 (2011) ("Due process . . . imposes an outer limit upon the court's ability to correct a sentence after pronouncing it."). We agree with the trial court that the defendant's reliance on that body of law is misplaced because here, the 2020 sentencing court did not "modify" the defendant's prior sentences; rather, at the specific request of the parties, the

4

court sentenced the defendant "anew," as if the 2015 sentences had never been imposed. Instead, we liken the circumstances here to those in which a trial court has imposed a new sentence after the defendant has successfully appealed his conviction following a trial, or his original sentence. See State v. Goode, 710 S.E.2d 301, 303 (N.C. Ct. App. 2011) ("[T]here was no modification" of the defendant's original sentences because they had been vacated by the federal court; "[t]hus, the matter before the court at the resentencing hearing was the entry of new [sentences].").

"[D]ue process requires that any increased sentence . . . imposed" after a successful appeal "not be the result of judicial or prosecutorial vindictiveness." Abram, 156 N.H. at 652 (quotations omitted); see North Carolina v. Pearce, 395 U.S. 711, 725-26 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989). "In order to assure the absence of such a motivation, . . . whenever a judge imposes a more severe sentence upon a defendant," after a successful appeal of the defendant's conviction, "the reasons for his doing so must affirmatively appear." Pearce, 395 U.S. at 726.

In some circumstances, a presumption of vindictiveness arises. See Abram, 156 N.H. at 652-53. However, "[t]his presumption of vindictiveness does not arise in every case where a convicted defendant receives a higher sentence" after a successful appeal. Id. at 652 (quotation omitted). Rather, it applies only when "there is a realistic likelihood of vindictiveness." Id. (quotations omitted). For instance, it does not apply "where . . . the second sentence was imposed following a trial de novo in a two-tiered court system." Id.

Nor does it apply where, as here, "the disparate sentences were imposed by two different judges." Id.; see Texas v. McCullough, 475 U.S. 134, 140 (1986) ("The presumption is . . . inapplicable because different sentencers assessed the varying sentences that [the defendant] received."); United States v. Twitty, 104 F.3d 1, 2 (1st Cir. 1997) ("We have held . . . that [the presumption of vindictiveness] . . . does not apply . . . when the two proceedings are handled by different judges."); United States v. Rodriguez, 602 F.3d 346, 358-59 (5th Cir. 2010) ("[W]e join our seven sister circuits that . . . do not apply the presumption when different judges preside over the first and second sentencing.") (collecting cases). When "the second sentence is not meted out by the same judicial authority" as the first, the second judicial authority has "no motivation to engage in self-vindication." Chaffin v. Stynchcombe, 412 U.S. 17, 27 (1973). "[W]hen different sentencers are involved, it may often be that the second sentencer will impose a punishment more severe than that received from the first. But it no more follows that such a sentence is a vindictive penalty . . . than that the first sentencer imposed a lenient penalty." McCullough, 475 U.S. at 140 (quotations and brackets omitted); see State v. Landry, 131 N.H. 65, 68 (1988). Therefore, to establish a due process violation

when disparate sentences are imposed by two different judges, the defendant "must prove actual vindictiveness." State v. Hurlburt, 135 N.H. 143, 147 (1991) (decided under Federal Constitution) (quotation omitted); see Smith, 490 U.S. at 799-800; cf. Landry, 131 N.H. at 67-68 (discussing resentencing after de novo appeal to superior court).

For the purposes of this discussion, we assume without deciding that to evaluate whether the defendant's 2020 sentences were more severe than his 2015 sentences, we consider each sentence individually. With that assumption, we agree with the defendant that his 2020 stand committed sentences for narcotic possession and criminal threatening are more severe than his 2015 suspended sentences for those convictions.

We next turn to the evidence of actual vindictiveness. Here, the 2020 sentencing court provided "on-the-record, wholly logical, nonvindictive reason[s] for the sentence[s]." McCullough, 475 U.S. at 140. Specifically, the 2020 sentencing court considered aggravating factors, such as the defendant's 1991 conviction on a "very serious drug" charge and his "multiple assault convictions" in another state, and mitigating factors, such as his ability, after leaving the other state, to work and "get [his] kids back." The court also considered the specific circumstances of the crimes for which the defendant was convicted. The court "carefully considered [the] sentencing goals of punishment, deterrence, and rehabilitation in constructing [the 2020] sentences." The record, therefore, establishes a reasonable basis for the increased sentences and contains nothing to suggest a reasonable likelihood that they were the product of actual vindictiveness by the sentencing judge. See Goodell v. Williams, 643 F.3d 490, 502 (6th Cir. 2011) (finding no evidence of actual vindictiveness where the resentencing court "thoroughly review[ed] the trial transcript and the newly prepared presentence report," considered the defendant's "extensive criminal history and the violence of the offense conduct," and concluded that imposing consecutive sentences "was necessary to reflect the seriousness of the offenses, to protect the public, and to punish [the defendant]").

Accordingly, we conclude that the defendant has failed to meet his burden of proving actual vindictiveness. The 2020 sentencing court, in its discretion, imposed stand committed, instead of suspended, sentences for the defendant's narcotic possession and criminal threatening convictions. "As the defendant has pointed to no indicia of vindictiveness," Landry, 131 N.H. at 68, we hold that his due process rights were not violated and that the 2020 sentences were within the trial court's sound discretion. See Hurlburt, 135 N.H. at 148 (decided under Federal Constitution); McCullough, 475 U.S. at 140. Because the State Constitution provides at least as much protection as the Federal Constitution under these circumstances, see Abram, 156 N.H. at 651, we reach the same result under both constitutions.

6

B.  Ineffective Assistance of Counsel at 2020 Sentencing Hearing

The defendant next asserts that the trial court erred by rejecting his claim that his counsel rendered ineffective assistance of counsel in connection with the 2020 resentencing proceeding.  The State and Federal Constitutions guarantee a criminal defendant reasonably competent assistance of counsel.  N.H. CONST. pt. I, art. 15; U.S. CONST. amend. VI.  We first examine the defendant's claim under the State Constitution, and rely upon federal case law only to aid in our analysis.  Ball, 124 N.H. at 231-33.

To prevail upon a claim of ineffective assistance of counsel, the defendant must demonstrate, first, that counsel's representation was constitutionally deficient and, second, that counsel's deficient performance actually prejudiced the outcome of the case.  State v. Collins, 166 N.H. 210, 212 (2014).  A failure to establish either prong requires a finding that counsel's performance was not constitutionally defective.  Id.

To satisfy the first prong of the test, the performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  The defendant must show that counsel made such egregious errors that he failed to function as the counsel the State Constitution guarantees and must overcome the presumption that counsel's strategy was reasonably adopted.  See Collins, 166 N.H. at 212-13.  To satisfy the second prong, the defendant must demonstrate actual prejudice by showing that there is a reasonable probability that the result of the proceeding would have been different had competent legal representation been provided.  State v. Wilbur, 171 N.H. 445, 449 (2018).  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id.  Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact.  Collins, 166 N.H. at 213.  We will not disturb the trial court's factual findings unless they are unsupported by the evidence or erroneous as a matter of law, and we review its ultimate determination of whether each prong is met de novo.  Id.

The trial court rejected the defendant's ineffective assistance of counsel claim because he failed to satisfy the second prong of our two-prong analysis.  The court found that even if defense counsel had objected to the trial court's decision to resentence the defendant on all of his convictions, after having vacated the armed career criminal convictions, "[t]he Court would have overruled such an objection."  The court explained that when it vacated the defendant's armed career criminal convictions, "it was proper—if not necessary—for the Court to resentence the defendant on the convictions

7

stemming from his second trial." Thus, the court determined that because the defendant could not show that the result of the 2020 sentencing proceeding would have been different, he failed to satisfy the second prong of the analysis.

We agree with the defendant that the trial court erred when it decided that, even if defense counsel had objected, the court would have properly overruled the objection. In Abram, we eschewed adopting "a blanket rule that affords trial courts the discretion to resentence all defendants who happen to have multicount convictions, regardless of whether the individual charges are actually interrelated." Abram, 156 N.H. at 655, 656. Here, the charges from the defendant's first and second trials are not interrelated. Accordingly, had defense counsel objected, the trial court, consistent with Abram, should have sustained the objection. Thus, the result would have been different, in that the sentences imposed for the convictions from the second trial would have remained unchanged.

However, that the result would have been different had counsel objected does not necessarily satisfy the prejudice prong of the ineffective assistance of counsel analysis. As the Supreme Court has noted in explaining the test to be applied:

> In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law. An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, "nullification," and the like.

Strickland, 466 U.S. at 694-95 (emphasis added). Whether the result would have been more favorable to the defendant had the sentences imposed for the convictions from the second trial remained unchanged is an open question.

Although in Abram we declined to adopt the federal "sentencing package" doctrine, a trial court need not be blind to the fact that a defendant is being sentenced on more than one count, or is serving other sentences at the time of sentencing. Indeed, a trial court must consider such facts when exercising its discretion to make a particular sentence consecutive or concurrent to other sentences. Cf. Duquette v. Warden, N.H. State Prison, 154 N.H. 737, 739, 745-46 (2007) (discussing factors the court may consider when deciding to impose concurrent or consecutive sentences).

Here, had defense counsel objected, and the 2015 sentences for the convictions from the defendant's second trial remained unchanged, the trial court properly could have considered those sentences when deciding whether the new sentences should be consecutive or concurrent. If it had done so, the

8

trial court could have, for instance, decided to make the felon-in-possession sentences consecutive, instead of concurrent. If the trial court had done so and otherwise imposed the same sentences for the convictions from the first trial as it actually imposed in 2020 and if it had left the 2015 sentences for the convictions from the second trial intact, the defendant would have been subject to an aggregate prison term of 18 to 41 years, which is no more favorable to him than the aggregate prison term the court, in fact, imposed in 2020.

The parties have not fully briefed what showing of prejudice, if any, that the defendant must make in this case beyond showing that the trial court should have sustained the objection, had it been made by defense counsel, to resentencing on the second trial convictions. Accordingly, we express no opinion on that matter. We vacate the trial court's ruling on the prejudice prong of the ineffective assistance of counsel test because it was premised upon the court's erroneous ruling that had defense counsel objected to resentencing on the second trial convictions, the objection would have been properly overruled, and we remand for further proceedings consistent with this opinion.

In addition, the trial court, understandably, did not analyze the first prong of the ineffective assistance of counsel test. Thus, on remand, the trial court may choose first to address whether the agreement by the defendant's trial counsel to the resentencing process "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688, 697 (court may consider either prong of ineffective assistance test first).

<u>Affirmed in part; vacated in part; and remanded</u>.

BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

9