**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0614, <u>State of New Hampshire v. Scott LeBlanc</u>, the court on June 22, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Scott LeBlanc, appeals an order of the Superior Court (<u>Nicolosi</u>, J.) denying his motion for a new trial based upon ineffective assistance of counsel, and an order of the Superior Court (<u>Messer</u>, J.) denying his appointed post-conviction attorney's motion to withdraw. We affirm.

The trial court found the following relevant facts. In July 2013, a grand jury indicted the defendant on twelve counts of aggravated felonious sexual assault for assaults allegedly occurring between 1995 and 2000 perpetrated against his stepdaughter, who was younger than thirteen at the time. The defendant failed to appear at his August 2013 arraignment, and a bench warrant was issued for his arrest. The defendant was abroad until May 2015, when he was apprehended in Jamaica.

The defendant was tried by a jury in Superior Court (<u>Ruoff</u>, J.) over four days in April 2016. The defendant's two trial attorneys called no witnesses, but rather elicited exculpatory facts from the State's witnesses, and, consistent with their theory that the defendant's stepdaughter had fabricated the allegations, attempted to undermine her credibility through cross-examination and the presentation of exhibits contradicting her claims. The defendant chose not to testify. The jury convicted him on five of the twelve indictments. We affirmed his convictions on appeal in a non-precedential order. <u>See</u> <u>State v. LeBlanc</u>, Case No. 2016-0353, 2017 WL 4770564 (N.H. Sept. 20, 2017).

The defendant filed a motion for a new trial as a self-represented party on October 16, 2018, alleging that his two trial attorneys had rendered constitutionally ineffective assistance. His request for appointed post-conviction counsel was granted; his new attorney filed a substitute motion for a new trial and a supplemental motion for a new trial on the defendant's behalf. The defendant's motion for a new trial was heard over several days in Superior Court (<u>Nicolosi</u>, J.). The day before the third day of hearing was to occur, the defendant's post-conviction attorney filed a motion to withdraw. The Superior Court (<u>Messer</u>, J.) denied the motion to withdraw. Thereafter, the Superior

Court (<u>Nicolosi</u>, J.) denied the defendant's motion for a new trial and his subsequent motion for reconsideration. This appeal followed.

I.    <u>Motion for New Trial</u>

The State and Federal Constitutions guarantee a criminal defendant reasonably competent assistance of counsel. <u>See</u> N.H. CONST. pt. I, art. 15; U.S. CONST. amend. VI. To demonstrate a violation of this right, the defendant must show that his trial attorneys' conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. <u>State v. Marden</u>, 172 N.H. 258, 262 (2019). We first address the defendant's claim under the State Constitution and rely upon federal law only to aid our analysis. <u>State v. Ball</u>, 124 N.H. 226, 231-33 (1983).

To prevail upon his claim of ineffective assistance of counsel, the defendant must demonstrate, first, that his trial attorneys' representation was constitutionally deficient and, second, that their deficient performance actually prejudiced the outcome of the case. <u>State v. Collins</u>, 166 N.H. 210, 212 (2014). A failure to establish either prong requires a finding that his trial attorneys' performance was not constitutionally defective. <u>Id</u>.

To satisfy the performance prong, the defendant must show that his trial attorneys' representation fell below an objective standard of reasonableness. <u>Id</u>. To meet this first prong, the defendant must show that his trial attorneys made such egregious errors that they failed to function as the counsel that the State Constitution guarantees. <u>Id</u>. We afford a high degree of deference to the strategic decisions of trial counsel, bearing in mind the limitless variety of strategic and tactical decisions that counsel must make. <u>Id</u>. at 212-13. The defendant must overcome the presumption that his trial attorneys reasonably adopted their trial strategy. <u>Id</u>. at 213. Accordingly, a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. <u>Id</u>.

To satisfy the second prong, the prejudice prong, the defendant must establish that there is a reasonable probability that, but for his trial attorneys' unprofessional errors, the result of the proceeding would have been different. <u>Id</u>. A reasonable probability is a probability sufficient to undermine confidence in the outcome. <u>Id</u>. In conducting the prejudice inquiry, we consider the totality of the evidence presented at trial. <u>Id</u>.

Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact. <u>Id</u>. Therefore, we will not disturb the trial court's factual findings unless they are not supported by the evidence

2

or are erroneous as a matter of law, and we review the ultimate determination of whether each prong is met de novo. Id.

The defendant first argues that his two trial attorneys were ineffective because they failed to prepare him adequately to testify. The defendant relies upon Turner v. Duncan, 158 F.3d 449, 457 (9th Cir. 1998), where the defense attorney spent "at most forty-five minutes" with a defendant before trial, and United States v. Ray, 735 F. App'x 290, 293 (9th Cir. 2018), where the attorney was alleged to have never met the defendant outside the courthouse and to have met him only immediately before or after a court appearance. The facts of this case are not analogous to those in Turner or Ray.

The record supports the trial court's finding that the defendant's two trial attorneys "spent hours with him" on his case. The trial court credited notes prepared by the defendant's trial attorneys, which included a list of prepared questions or points of interest for his direct examination, referenced discussions with him about testifying, and noted information he gave them, including the names of people with whom he thought they should speak. The court also credited testimony that trial counsel spoke with the defendant on a number of occasions about his direct testimony. As the trial court found, and as the record supports, the defendant's claim that he decided not to testify because his attorneys had failed to prepare him simply lacked credibility. In light of this record, we agree with the trial court that the attorneys' preparation of the defendant to testify did not fall below an objective standard of reasonableness. See Collins, 166 N.H. at 212.

The defendant next asserts that the trial court erred as a matter of law because it applied a subjective, instead of an objective, standard of reasonableness. We do not share the defendant's interpretation of the trial court's order. See State v. Kay, 162 N.H. 237, 242 (2011) ("Our interpretation of a trial court order is a question of law, which we review de novo."). Contrary to the defendant's assertions, the trial court did not rest its ineffective assistance analysis upon a determination of his subjective satisfaction, at the time of trial, with his attorneys. Rather, the trial court cited and applied the correct legal standard, see Collins, 166 N.H. at 212-13, determining that the degree to which the defendant's trial attorneys prepared him to testify at trial, should he have decided to do so, was objectively reasonable under the circumstances. To the extent that the defendant implies that his trial attorneys' performance fell below an objective standard of reasonableness because they advised him not to testify, he fails to develop that argument sufficiently for our review. See State v. Blackmer, 149 N.H. 47, 49 (2003). Accordingly, we decline to address it. See id.

The defendant next contends that his trial attorneys were ineffective for failing to introduce certain testimony and other evidence to rebut the State's case. Specifically, the defendant faults his trial attorneys for failing to

3

introduce more evidence to "blunt[] the State's portrayal of [him] as a man on the lam." He acknowledges that his attorneys "elicited some of the available evidence to counter the impression created by the State" that he fled because he was guilty, but argues that "much more evidence was available," and that his attorneys' failure to introduce the additional evidence rendered their assistance constitutionally infirm.

As the trial court found, and as the record supports, however, "contrary to [the] defendant's claim, the defense did address the flight evidence, just, in retrospect, not in the way the defendant now thinks would have been most effective." The defendant's trial attorneys sought a favorable flight instruction that advised the jury that innocent inferences can be drawn from flight; they argued, with partial success, for introduction of his emails to provide an exculpatory explanation; they argued to the jury as to how the flight evidence should be viewed; and, over the State's objection, asked a witness to read into evidence an excerpt from one of the defendant's emails, which stated, in pertinent part, "You know I didn't leave because I was guilty. But unfortunately, being innocent isn't a guarantee that I would have had a fair hearing."

As the trial court determined, and as the record supports, the defense submitted sufficient evidence and was able to use the emails the State introduced "to put forth a plausible innocent explanation for [the] defendant's absence," and "to capitalize on [his] denials of criminal wrongdoing without exposing [him] and his witnesses to cross-examination." We agree with the trial court that the defense strategy to minimize the flight evidence was "reasonable and artful," and conclude that the defendant has failed to overcome the presumption that his trial attorneys reasonably adopted their trial strategy with respect to the flight evidence. See Collins, 166 N.H. at 213.

The defendant also faults his trial attorneys for failing to use certain photographs to impeach the victim's description of the layout of the home. The trial court found that "the layout of the house was reasonably covered by other evidence" and that "defense counsel had and used the copious amount of information to challenge [the victim's] credibility." These findings are supported by the evidence. Based upon these findings, we conclude that the decision by the defendant's trial attorneys not to use certain photographs to impeach the victim's memory of the layout of the home did not fall below an objective standard of reasonableness. See id. at 212.

For all of these reasons, we conclude that the defendant has failed to establish that his trial attorneys' representation fell below an objective standard of reasonableness, and, therefore, has not satisfied the first prong of the ineffective assistance of counsel test. See id. We need not address his arguments related to the prejudice prong. See id. at 212-13. Having failed to satisfy the first prong of the ineffective assistance of counsel test, the defendant

4

has necessarily failed to establish that he received constitutionally defective assistance of counsel.  See id. at 213.  "Because the standard for determining whether a defendant has received ineffective assistance of counsel is the same under both constitutions, necessarily, we reach the same result under the Federal Constitution as we do under the State Constitution."  State v. Cable, 168 N.H. 673, 689 (2016) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687 (1984).

## II.     Motion to Withdraw

Although the defendant had no right under either the State or Federal Constitution to appointed counsel to assist him with his post-conviction motion for a new trial based upon ineffective assistance of counsel, the trial court granted his motion for such counsel.  See State v. Hall, 154 N.H. 180, 182, 184 (2006); Pennsylvania v. Finley, 481 U.S. 551, 553-57 (1987).  The day before the third day of the hearing on his motion for a new trial was to occur, the defendant's appointed post-conviction attorney filed a motion to withdraw, alleging he had a "clear conflict of interest" under the New Hampshire Rules of Professional Conduct (Rules), which required his withdrawal.  The attorney averred that the conflict had come to light "[a]fter a nearly five hour meeting" over the weekend, and that,"[a]lthough the personal relationship between counsel and client might have been somewhat repaired at the end of that meeting," the attorney believed it to be in the defendant's best interest to withdraw.

The motion was heard by a different judge than the judge presiding over the defendant's motion for a new trial.  Most of the hour-long evidentiary hearing was conducted outside of the State's presence and was sealed so that privileged attorney-client communications could be revealed.  Based upon the testimony at the hearing, the trial court found that "the communication issues between defendant and counsel [did] not merit" the attorney's withdrawal "at [that] time."

We review the trial court's denial of defendant's appointed post-conviction attorney's motion to withdraw under our unsustainable exercise of discretion standard.  Cf. State v. Dukette, 127 N.H. 540, 543-44 (1986) (reviewing trial court's denial of defendant's request to allow counsel to withdraw from the case under abuse of discretion standard); State v. Lambert, 147 N.H. 295, 296 (2001) (explaining that we now refer to abuse of discretion standard as unsustainable exercise of discretion standard).  When we determine whether a trial court has sustainably exercised its discretion, "we are really deciding whether the record establishes an objective basis sufficient to sustain the discretionary judgment made."  Lambert, 147 N.H. at 296.  "To show that the trial court's decision is not sustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case."  Id. (quotation omitted).

5

The defendant has failed to demonstrate that the trial court unsustainably exercised its discretion by denying his appointed post-conviction attorney's motion to withdraw. Having reviewed the record submitted on appeal, including the confidential portions of the hearing transcript, we conclude that the record establishes an objective basis sufficient to sustain the trial court's decision. See id.

The defendant contends that the trial court erred as a matter of law by inquiring as to his appointed post-conviction attorney's "ethical concerns and the privileged communications that gave rise to them." We disagree.

To support his argument, the defendant relies upon a comment published by the American Bar Association (ABA) in conjunction with its Model Rules of Professional Conduct, which has been published with Rule 1.16. N.H. R. Prof. Conduct Statement of Purpose; N.H. R. Prof. Conduct 1.16. The comment at issue provides:

> When a lawyer has been appointed to represent a client, withdrawal ordinarily requires approval of the appointing authority. See also Rule 6.2. Similarly, court approval or notice to the court is often required by applicable law before a lawyer withdraws from pending litigation. Difficulty may be encountered if withdrawal is based on the client's demand that the lawyer engage in unprofessional conduct. The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient. Lawyers should be mindful of their obligations to both clients and the court under Rules 1.6 and 3.3.

N.H. R. Prof. Conduct 1.16 Comment [3] (emphasis added).

Nothing in this comment precludes a trial court from doing what the trial court did in this case. Indeed, the comment expressly acknowledges that when an appointed attorney seeks to withdraw, "[t]he court may request an explanation for the withdrawal." Id. Although the comment recommends one way to safeguard the lawyer's ethical responsibility to keep attorney-client communications confidential, it does not preclude courts from devising other ways to satisfy their desire for an explanation, while protecting counsel's ethical obligation to keep certain communications confidential. Moreover, even if the comment could be construed as the defendant construes it, "[t]he ABA . . . Comments are intended to be interpretive, not mandatory." N.H. R. Prof. Conduct Statement of Purpose. In short, the trial court did not commit an error of law by inquiring into the reasons for appointed post-conviction

6

counsel's motion to withdraw, particularly given that here, the motion to withdraw was not heard by the same judge who presided over the motion for a new trial, and most of the hearing on the motion to withdraw was confidential and conducted outside of the State's presence.

The defendant also argues that the trial court erred as a matter of law because the court failed to give him the choice of proceeding with appointed post-conviction counsel or representing himself. The record on appeal does not support this contention.

The defendant next asserts that the trial court's decision is clearly untenable or unreasonable because, here, the conflict with his appointed post-conviction attorney "was so great that it resulted in a total lack of communication preventing an adequate defense." State v. Sweeney, 151 N.H. 666, 671 (2005). For the purposes of this appeal, we assume that Sweeney applies to this case. Nonetheless, we disagree with the defendant that the record compelled the trial court to find that his relationship with his appointed post-conviction attorney had totally broken down.

The defendant next contends that the trial court erred because it failed to focus "on the breakdown in the attorney-client relationship." We find no error in the trial court's analysis of the issues. For all of the above reasons, therefore, we conclude that the defendant has failed to establish that the trial court unsustainably exercised its discretion by denying his appointed post-conviction attorney's motion to withdraw.

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**