# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0536, <u>State of New Hampshire v. Tommy Page</u>, the court on March 20, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Tommy Page, appeals an order of the Superior Court (<u>MacLeod</u>, J.) denying his motion for a new trial in which he alleged that his trial counsel's representation was constitutionally deficient. On appeal, the defendant asserts that the trial court erred by failing to find that trial counsel's representation was ineffective when counsel: (1) failed to "meaningfully consult" with medical experts in order to challenge the State's experts' opinions concerning the cause of death and injuries of the victim, S.S.; (2) failed to object to "numerous improper statements" made during the State's closing argument; and (3) allegedly changed the defense theory of the case during the trial. The defendant further argues that the trial court erred by failing to consider "whether the cumulative impact of all trial [counsel's] errors undermined confidence in the verdict." Because the trial court's well-reasoned and thorough order is supported by the evidence, we affirm.

The defendant was convicted by a jury in 2017 of first degree murder and falsification of physical evidence. The facts and proceedings underlying the defendant's convictions are fully set forth in <u>State v. Page</u>, 172 N.H. 46 (2019), and we need not restate them in this order. Following the defendant's convictions, he moved for a new trial, maintaining that his trial lawyers were constitutionally ineffective. In its objection to the defendant's motion, the State submitted transcripts of the depositions of the defendant's trial counsel. In August 2022, the trial court issued a written order denying the motion without an evidentiary hearing after concluding that the defendant failed to demonstrate his right to a new trial.

In its order, the court ruled that the defendant failed to prove that trial counsel's performance was constitutionally deficient or that he was prejudiced by any alleged error. The court first considered the defendant's argument that trial counsel erred when they failed "to meaningfully confront the State's panel of expert witnesses with their own expert." (Bolding omitted). The court ruled that even if counsel had erred, the defendant failed to prove that he was prejudiced by their decision to not call an expert witness at trial, explaining that "it was likely that witness would have come to the same conclusion

regarding the timeline of the assault upon [the victim], which could have served to buttress rather than challenge or undermine the State's expert testimony."

The trial court next considered the defendant's argument that trial counsel erred in failing to "object to a patently objectionable closing argument" and ruled that the defendant failed to show that he was prejudiced by any such error. (Bolding omitted.) The court disagreed with the defendant that the State personally attacked trial counsel and found that the State focused "on the evidence at trial." In addressing the defendant's argument that the State improperly vouched for witnesses, the court explained that it failed to see how trial counsel's alleged failure to object to the State's closing prejudiced the defendant "given that the defendant's theory of the case utilized and/or relied in significant part on the evidence presented by the prosecution."

Lastly, the trial court considered the defendant's argument that trial counsel failed "to present a coherent and consistent defense" because counsel changed the theory of the case throughout trial. The trial court found that the general defense strategy that an alternative perpetrator — Sylvester — inflicted the injuries upon the victim "remained consistent throughout the trial," and explained that it was "not convinced that any purported change in . . . Sylvester's supposed reasoning" to kill the victim "prejudiced the defendant where the general theory of defense—that Sylvester while enraged killed [the victim]—remained . . . consistent throughout the trial."

On appeal, the defendant argues that the trial court erred when it found that the defendant was not denied effective assistance of counsel. We first examine the constitutional competency of counsel's performance under the State Constitution and rely upon federal case law only for guidance. State v. Whittaker, 158 N.H. 762, 768 (2009). Because the standard for determining whether a defendant has received ineffective assistance of counsel is the same under both constitutions, necessarily, we reach the same result under the Federal Constitution as we do under the State Constitution. Id.

To prevail upon a claim of ineffective assistance of counsel, the defendant must demonstrate, "first, that counsel's representation was constitutionally deficient and, second, that counsel's deficient performance actually prejudiced the outcome of the case." State v. Collins, 166 N.H. 210, 212 (2014). On appeal, when we determine that a defendant has failed to meet either prong of the test, we need not consider the other one. State v. Kepple, 155 N.H. 267, 270 (2007). "To satisfy the first prong of the test, the performance prong, the defendant must show that counsel's representation fell below an objective standard of reasonableness." State v. Labrie, 172 N.H. 223, 236 (2019) (quotation omitted). To satisfy the second prong, the prejudice prong, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

2

different." Id. at 237 (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 694 (1984).

Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact. Labrie, 172 N.H. at 237. Therefore, we will not disturb the trial court's factual findings unless they are not supported by the evidence or are erroneous as a matter of law, and we review the ultimate determination of whether each prong is met de novo. Id. Notably, here, because the judge who ruled on the motion for a new trial also presided at trial, the trial court is in a better position than we are to assess whether defense counsel's performance prejudiced the defendant. See State v. Marden, 172 N.H. 258, 263 (2019).

We first consider the defendant's argument that trial counsel failed "to meaningfully consult with experts, present experts at trial, and effectively challenge the State's experts." (Bolding and capitalization omitted.) We agree with the trial court that the defendant did not demonstrate that he was prejudiced by any alleged errors committed by trial counsel.

Here, trial counsel consulted with a medical and forensic expert whose opinions were consistent with those presented by the State's experts. The expert opined that the victim's injuries occurred within hours of the victim's presentation to medical personnel, but that more precise timing was not possible, and that it was not feasible to claim that the victim's injuries were accidental rather than inflicted. A defense expert, therefore, would have been redundant to the State's experts, as the timeline the State's experts established supported trial counsel's alternative perpetrator theory. Cf. State v. Whittaker, No. 2009-0844 (non-precedential order at 4), 2010 WL 11437244 (N.H. Nov. 24, 2010) (consulting an expert could have provided a basis to conclude that the defendant's impairment did not cause the accident, and defense counsel's failure to do so prejudiced the defendant).

We next consider the defendant's argument that trial counsel erred in failing to object to the State's "wholly improper" closing argument. The defendant argues that the State's closing improperly inflamed the passions and prejudices of the jury, included burden shifting and implicated the defendant's right to remain silent, used personal attacks on defense counsel, and vouched for witnesses. The defendant contends that his counsel's failure to object during the State's closing prejudiced him because "the State's closing was the last word on the evidence before jury instructions." We disagree and conclude that, even if the State made improper statements during closing and trial counsel erred in their failure to object, such error was not prejudicial. See Labrie, 172 N.H. at 237.

Trial counsel relied upon the very same expert testimony that the State referenced in its closing to support its alternative perpetrator theory — that

Sylvester caused the victim's death in a fit of rage. The defendant now alleges that his counsel should have objected to portions of the State's closing argument that referred to the State's expert testimony as "unopposed," "uncontradicted," and "accurate and credible" because such statements shifted the burden onto the defense and improperly vouched for its witnesses. Given that the defense's theory of the case relied upon this expert testimony, even if the defense had objected to the State's closing remarks regarding its expert witnesses, we cannot conclude that there is a reasonable probability that the result of the trial would have been different.

Regarding the remainder of the defendant's arguments that the State's closing was improper and that defense counsel erred in their failure to object, we conclude that any such error did not prejudice the outcome of the case because the evidence of the defendant's guilt was overwhelming. See Page, 172 N.H. at 57-58; cf. State v. Stillwell, 172 N.H. 591, 609-11 (2019) (concluding that the prosecutor's improper statements about the defendant's guilt or credibility, when considered "within the context of the case," were not "sufficiently egregious so as to require the trial court to intervene," and that the prosecutor's presumably improper attack on defense counsel was not prejudicial given the "overwhelming evidence of the defendant's guilt"); State v. Hearns, 151 N.H. 226, 233-34 (2004) (concluding that although the prosecutor's statement improperly shifted the burden of proof onto the defendant, "because the evidence of guilt was overwhelming, it is unlikely that any prejudice surviving the [jury] instruction affected the outcome of the case").

Based upon Sylvester's testimony, the testimony of witnesses who saw her during the afternoon of the murder, and other evidence, including corroborating video surveillance, Sylvester was away from the residence from approximately 12:30 p.m. to 2:30 p.m. Page, 172 N.H. at 57. At trial, it was undisputed that the defendant was alone with the victim during this timeframe. See id. at 48. Photographs taken with the defendant's cell phone between 1:09 p.m. and 1:14 p.m. on November 13 depict the victim with significant head injuries, and the jury could have inferred that the victim was already unconscious by that time. Id. at 57. From this evidence, the jury could have also inferred that the victim had sustained critical, if not lethal, injuries before Sylvester returned to the residence. Id.; see also id. at 58 (noting that the State's evidence included "photographic evidence from which the jury could have found that the defendant had already fatally injured the victim before Sylvester returned home"). Photographs also showed the defendant sexually abusing the victim between 1:09 p.m. and 1:14 p.m. Id. at 57. Finally, the defendant gave the police implausible and inconsistent accounts of what had happened to the victim, from which the jury could infer a consciousness of guilt. Id.

Next, the defendant argues that trial counsel erred by failing to present a consistent theory of the case. The defendant contends that trial counsel

shifted the narrative when counsel told the jury in opening that Sylvester inflicted the injuries upon the victim because she was angry that she could not fill a prescription, but then told the jury in closing that Sylvester inflicted the injuries because she was angry that the victim may have wet the bed. The trial court found, and the record supports, however, that "the general theme of defense [counsel's] arguments, overall, remained consistent during trial— that [Sylvester], acting in frustration and anger returned home and assaulted [the victim] resulting in his death." Accordingly, we conclude that trial counsel did not present a shifting narrative.

Lastly, the defendant argues that the "cumulative prejudicial effect of all such errors reinforces the constitutional necessity of a new trial." (Bolding and capitalization omitted.) Given the overwhelming nature of the evidence of the defendant's guilt, however, any cumulative impact from the alleged errors did not prejudice the outcome of the case. See Page, 172 N.H. at 57-58.

Accordingly, for the foregoing reasons, we conclude that the defendant did not demonstrate that his trial counsel was ineffective. We have considered the defendant's remaining arguments and have determined that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

5